## McCALL v. McCALL.

1. AWARDS—CONFIRMATION.—May the objection that an award cannot
be confirmed by the court, because the submission was made by pri-
vate agreement *pendente lite,* be raised by a party after presenting to
the court exceptions to the award, supported by affidavits?

2. CASE CRITICISED—OBITER DICTA.—In Parnell *v.* King, Rice, 376, the
court did not rule that an award would not be confirmed where the
submission was made without an order of court in the pending action.
Courts are not bound by passing remarks of the judge who writes the
opinion, especially upon questions not properly before them.

3. ARBITRATION AND AWARD—CONSENT DECREE.—Where such a sub-
mission contains a stipulation that the award shall be reported to the
court, "to be confirmed and made the judgment of the said court," the
order of the court confirming the award is valid as a consent decree.

4. AWARDS—CONFIRMATION—FACTS.—The filing of a complaint to set
aside the award after the hearing of exceptions to the award had been
entered upon, did not prevent the further hearing of the exceptions.
And the facts presented in these exceptions, as also in said complaint,
having been denied, and held by the Circuit Judge, not without evi-
dence, to be unsustained, this court affirmed the findings.

5. EVIDENCE BEFORE ARBITRATORS.—While the arbitrators were required
by the submission to take the testimony "under the rules and laws
governing evidence," improper evidence became competent when ob-
jection thereto was waived.

6. AWARDS—FAVORABLE ERRORS.—Where an award is good in part and

in part bad, and these two parts are separable, the court may confirm the good and reject the bad as surplusage. , Whether the portion complained of exceeded the terms of the submission, and could be confirmed by the court, not considered, as it was rejected on Circuit, and the only party complaining was benefited by its rejection.

Before ALDRICH, J., Florence, February, 1891.

This was an action by James S. McCall against L. A. McCall, T. W. K. Head, and Mattie E. Head, commenced in November, 1889. The opinion states the case.

*Messrs. Harllee & Hanckel,* for appellant.

*Messrs. McNeil & Hursey,* contra.

April 19, 1892. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. The plaintiff brought this action to recover possession of a certain tract of land situate in the County of Florence, as well as for damages alleged to have been done to said land while in the possession of defendants. The defence was a denial of plaintiff's title; the defendant, L. A. McCall, claiming to have bought the land in controversy when it was sold at sheriff's sale as the property of the plaintiff, and being willing to reconvey to the plaintiff the land upon the repayment to him of the several sums of money which he had advanced for the plaintiff, as promised by plaintiff; but that after waiting for more than eleven years for the fulfilment of such promise on the part of the plaintiff, and having lost all hope of such repayment, he sold the land for a full and fair price to his co-defendant, Mrs. Head, shortly before the commencement of this action, and received from her the purchase money.

When the case was at issue and called for trial, it was agreed by the parties to submit the same to arbitration, and the case was marked on the calendar, "Continued under arbitration." Accordingly the parties entered into a written agreement "to submit the matters in controversy in the above named action, as well as a settlement of accounts betwixt the above named James S. McCall and L. A. McCall to arbitration and abide the award

of the same, to be reported to the Court of Common Pleas for Florence County, at the next term thereof, to be confirmed and made the judgment of the said court." By the terms of this agreement the arbitrators were empowered "to hear testimony produced by the parties, or any of them, under the rules and laws regulating evidence," and to decide upon the following points : 1st. As to the title to the said land ; and if found to be in James S. McCall, then as to the damages done to said land. 2nd. To pass upon the respective demands of the plaintiff and the defendant, L. A. McCall, as against each other and adjust the same, finding the amount due to the one or to the other. 3rd. To report their award for confirmation by the court as the judgment thereof.

In pursuance of this submission, the arbitrators made their award and submitted the same to the court at its next term, in which they found the issue of title in favor of the defendants, and in adjusting the accounts between the plaintiff and the defendant, L. A. McCall, they found a small balance in favor of the latter. Upon the filing of this award and service of a copy of the same on plaintiff's attorney, the plaintiff gave notice of exceptions to same as not valid and binding upon him, and that if so advised, he would take action to set aside and vacate the same upon the several grounds set out in the notice. When the case was called for trial on the 3rd of February, 1891, counsel for defendants, after stating the submission and that the award had been filed, moved to confirm the same and make it the judgment of the court, when the counsel for plaintiff submitted to the court his verified exceptions to the confirmation of the award, and asked for leave to file his complaint to set aside the award. Thereupon defendant's counsel asked that the case be passed over until the next day, in order that affidavits in reply to plaintiff's verified exceptions might be obtained. The case was accordingly postponed until the next day, when it was again called, and the court suggested a doubt whether it was necessary for the plaintiff to obtain leave of the court to file a complaint to set aside the award, the application for that purpose was withdrawn, and the plaintiff objected to the court hearing the exceptions to the award, upon the ground that the court had no jurisdiction of the matter ; but

the court ruled that it had jurisdiction and would hear the exceptions to the award.

The case was then continued until the 6th of February, when the plaintiff's counsel presented and read to the court his complaint to set aside the award, whereupon the court held that there was nothing in the complaint which would affect the previous rulings, and proceeded with the hearing of the exceptions to the award upon the affidavits submitted. The Circuit Judge subsequently rendered his decree, holding that the affidavits submitted, which was the only evidence offered, did not sustain the exceptions, which were therefore overruled; that the arbitration and award covered other matters than the title to the land, which constituted the subject-matter of the action, of which the court could not take cognizance; that the award must be considered as the judgment of a special tribunal to which the parties submitted their rights; and having consented that such judgment should be confirmed by the court and made the final judgment in this action, rendered judgment that the defendants have judgment in their favor against the plaintiff for the land described in the complaint.

From this judgment plaintiff appeals upon the following grounds : 1st. Because there was no case before the court authorizing its interference, as the arbitration was upon a private agreement of the parties, and the court had no right or jurisdiction to hear the same in the manner which was pursued. 2nd. Plaintiff further excepts upon the ground that having filed his compla'nt to set aside the award, his honor erred in not suspending proceedings in the cause till the hearing of said complaint. 3rd. Because the grounds set forth in said complaint and exceptions served on counsel were not controverted or denied, and they were in law sufficient to vacate and set aside the award. 4th. Because the award was not in accordance with the terms of the submission, was without evidence, and the court had no right to select one point alone to adjudge when the award as returned was not such as a judgment could be entered [on] according to the pleadings.

As we unders'and the first ground of appeal. the point intended to be made thereby is, that inasmuch as the matters in con-

troversy between the parties were referred to arbitration by the mere private agreement of the parties, and not by a rule of court, the award made by the arbitrators could not be confirmed by the court, as it had no jurisdiction for that purpose. In the first place, it does not appear that any such question was presented to the court until after the plaintiff had submitted to the jurisdiction by filing exceptions to the confirmation of the award and presenting affidavits in support of his exceptions. It may therefore well be doubted whether plaintiff was not too late in raising this question. See *Long* v. *Fitzgerald*, 97 N. C., 39. But waiving this, we will proceed to consider the point.

The case relied upon to support the view contended for by appellant is *Parnell* v. *King*, Rice, 376. It is quite true that Judge O'Neall, in delivering the opinion in that case, does say : "The ground taken in the argument that these cases were referred to arbitration by the agreement of the parties and not by rule of court, would have been, if presented to the Circuit Court, an insurmountable objection to the confirmation of the award. But," he adds, "no such ground appears to have been then taken. Indeed, the order of confirmation recites a reference by rule, and the report of the judge below notices only a single ground on which the confirmation of the award was opposed. I do not therefore think that the party can now make that objection, but I agree with the appellant that the award, in the present state of the pleadings in the cases, cannot be confirmed." He then goes on to show that the award could not be confirmed upon another ground. Now, while the language above quoted is quite sufficient to show that, in the opinion of the eminent judge who used it, an award made under a submission to arbitration by the mere private agreement of the parties, and not under a rule of court, cannot be confirmed and made the judgment of the court by a mere order to that effect, yet it by no means shows that such was the opinion of *the court*. The universal rule in all judicial tribunals is, and from the very nature of things must necessarily be, that the court is not to be held responsible for every passing remark made by the judge to whom is assigned the duty of preparing the opinon, and more especially

is this so as to any opinion which such judge may see proper to express upon a question which is not properly presented in the case under consideration.

But assuming the law to be as stated by Judge O'Neall in the case of *Parnell* v. *King*, it does not by any means follow that such general rule of law is applicable to this case; for it does not appear that the agreement to submit to arbitration in that case contained the provision found in this case—that the arbitrators should report their award to the court, "to be confirmed and made the judgment of the said court." Such a provision would, it seems to us, have a very material effect in modifying the general rule stated in *Parnell* v. *King*. As is said in 1 Am. & Eng. Encycl. L., 662, note 1: "Where to a submission, under the common law rule, a condition is attached stipulating that judgment shall be entered upon the award, the case is not discontinued, but only suspended. Such judgment may be entered, and stands as a judgment by consent. The parties are concluded by their agreement, and cannot be heard to allege that the reference and judgment were not warranted by law"—citing a number of authorities. This, we suppose, is for the reason that it might operate as a fraud upon the party in whose favor the award may be made, unless the other party shall be estopped from repudiating one of the provisions of the agreement for submission, which may have been one of the main inducements moving him to enter into the agreement. The first ground of appeal cannot therefore be sustained.

The second and third grounds of appeal may be considered together. From the statement which we have hereinbefore made, based upon the facts appearing in the "Case," it appears that the complaint to set aside the award was not filed until after the hearing of the motion to confirm the award had commenced, and it is a mistake to say that "the grounds set forth in said complaint and exceptions served on counsel were not controverted or denied," for as matter of fact the allegations of fact set forth in the exceptions, which were very much the same as those made in the complaint, were denied in the affidavits submitted by defendants in reply to those presented by the plaintiff in support of the exceptions; to which may be added

that defendants had no opportunity to deny, in the form of an answer, the allegations contained in the complaint, as it was not filed or brought to the attention of the court until after the hearing upon the exceptions filed by plaintiff had been commenced. The Circuit Judge found as matter of fact that the facts relied upon to sustain the exceptions were not sustained by the only evidence offered, and therefore overruled the same. This finding of fact must be sustained, as there certainly was evidence to support it.

While it is quite true that the agreement for submission to arbitration did contain a provision that the arbitrators should hear the testimony adduced "under the rules and laws governing evidence," and while it is also true that the exceptions do allege that testimony was heard in violation of the rules of evidence, yet it is likewise true that it appeared from the affidavits that though such evidence was at first objected to by counsel for plaintiff, the objection was afterwards waived and the testimony thereby became competent. The plaintiff, neither in his exceptions nor complaint, makes any charge of corruption or collusion against the arbitrators, but, on the contrary, expressly disclaims the same, and bases his objections to the award "on the grounds of palpable mistakes of law and fact in their decision," which he has failed to sustain.

The fourth ground of appeal is disposed of by the case of *Cohen* v. *Habenicht*, 14 Rich. Eq., 31, for that case shows that even if the award exceeds the terms of the submission, that does not necessarily make the whole award void, for if the good may be separated from the bad, the latter is mere surplusage and does not affect the validity of the former. The fact, therefore, that the Circuit Judge excluded so much of the award as purported to settle the matters of account between the plaintiff and the defendant, L. A. McCall, and only confirmed the award as to the question of title to the land, constituted no error of which the plaintiff is entitled to complain; and inasmuch as the matter rejected was favorable to the defendant, L. A. McCall, who makes no complaint, the question whether such matter was properly rejected does not arise in this case, and need not therefore be considered.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.