## CRANE *v.* PEOPLE OF THE STATE OF NEW YORK.

ERROR TO THE COURT OF SPECIAL SESSIONS, FIRST DISTRICT,
CITY OF NEW YORK, STATE OF NEW YORK.

No. 388. Argued October 12, 1915.—Decided November 29, 1915.

A state statute regarding employment of laborers otherwise valid is
not unconstitutional under the equal provision clause of the Four-
teenth Amendment because it makes distinctions between aliens
and citizens. There is a basis for such a classification. Otherwise
decided on the authority of *Heim* v. *McCall, ante,* p. 175.
214 N. Y. 154, affirmed.

THE facts, which involve the constitutionality of § 14
of the Labor Law of New York, are stated in the opinion.

*Mr. James F. McKenney* for plaintiff in error sub-
mitted:

The conviction of plaintiff in error was erroneous be-
cause it was based upon a violation of § 14, c. 36, Laws of
1909 of New York, known as the Labor Law, which is
void, as in conflict with § 1 of the Fourteenth Amendment;
also because it abridges the privileges and immunities of
plaintiff in error, a citizen of the United States, and of his
alien employés by depriving them of their right to contract
for labor. The enactment of said law and enforcement of
its provisions deprives plaintiff in error and his employés
of liberty and property without due process of law and
of the equal protection of the laws.

Section 14 is void, being in conflict with subd. 2, Art.
VI of the United States Constitution providing that
treaties made under the authority of the United States,
shall be the supreme law of the land. Pursuant to said
article treaties have been entered into by the United
States with various nations including Italy, which treaties

were in effect at the time of the act complained of and at the time of such conviction, and which put aliens within the State of New York upon an equality with citizens of the State with respect to the right to labor upon public works, and Congress had pursuant to said section duly enacted a law (Rev. Stat., § 1977) granting to all persons within the jurisdiction of the United States the same right in every State and Territory to make and enforce contracts as is enjoyed by white citizens. Said treaties and said law nullified the provisions of said § 14 of the Labor Law.

The Fourteenth Amendment, either *ex proprio vigore*, or by virtue of treaties entered into, and laws of Congress enacted, pursuant to the provisions of Article VI of the Constitution, has granted to resident aliens in the State of New York an equal right with citizens of that State to contract to labor upon the public works of the State, and chapter 14 of the Labor Law, being in contravention of that right, was and is unconstitutional and void, and the conviction of plaintiff in error for violation thereof was error, and should be set aside.

Authority for this law does not lie in the police power.

The distinction between citizens and aliens is insufficient to justify the act; nor is freedom to contract sufficient justification for the law.

Section 14 violates the Fourteenth Amendment, reinforced as it is by § 1977, Rev. Stat., and also violates treaties duly entered into by the United States with foreign nations.

The contract agreement to comply with the law falls with the law itself.

The fact that the Legislature of the State of New York after the conviction of plaintiff in error amended § 14 of the Labor Law, does not militate against the rights of the plaintiff in error in this court.

The conviction of plaintiff in error should be reversed

and the case remanded to the Court of Special Sessions of the City of New York for appropriate action.

Numerous authorities of the Federal and state courts sustain these contentions.

*Mr. Robert S. Johnstone,* with whom *Mr. Charles Albert Perkins,* District Attorney, and *Mr. George Z. Medale* were on the brief, for defendant in error.

MR. JUSTICE MCKENNA delivered the opinion of the court.

This case was argued and submitted with *Heim v. McCall, ante,* p. 175, just decided. It involves the criminal feature of § 14 of the Labor Law of the State which was the subject of the opinion in *Heim v. McCall, ante,* p. 175. It provided that a violation of the section should constitute a misdemeanor and be punished by fine or imprisonment, or by both.

The case was commenced by information which accused Crane, plaintiff in error, while engaged as a contractor with the city in the construction of a public work of such city, by virtue of a contract entered into with the city, of having employed three persons not then citizens of the United States.

The public work was the construction of catch or sewer basins.

The defense was the unconstitutionality of the law and that it was in violation of the treaties of the United States with foreign countries.

The treaties were put in evidence over the objection of the prosecuting officer and a motion was made to dismiss the information on the grounds above stated. The motion was denied, and plaintiff in error found guilty and sentenced to pay a fine of $50, or, in default thereof, to be committed to the city prison for the term of ten days.

The case was then appealed to the Appellate Division of the Supreme Court and there heard with *Heim* v. *McCall, ante*, p. 175.

The judgment was reversed. This action was not sustained by the Court of Appeals. In that court and in the Appellate Division the cases were heard together and decided by the same opinions, they being rendered in the present case and the judgment of the trial court (Special Term) affirmed. 214 N. Y. 154.

It appeared from the testimony that one of the laborers employed was a subject of the King of Italy (the nationality of the others was not shown), and a treaty between the United States and that country, signed February 25, 1913, was received in evidence over the objection of the district attorney on the ground that "none of the parties to the proceeding is a subject of the King of Italy." Treaties with other countries were also received in evidence. To them the district attorney objected on the ground that none of the parties to the proceedings and "nobody who was connected in any way with the subject-matter of the contract or employed in the performance of the work" was "a subject or citizen of any of the countries referred to."

The provisions of the treaty with Italy are set out in the opinion in the *Heim Case* and the provisions of the other treaties are not, so far as their application is concerned, materially different.

The contentions of plaintiff in error are based on the treaties and on the Fourteenth Amendment of the Constitution of the United States. The specifications of error are the same, though varying in expression, as those in the *Heim Case*, and there considered and declared untenable. There is added the view that a distinction made between aliens and citizens violates the principle of classification. We think this view is also without foundation.

*Judgment affirmed.*