**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**CANEEL BAY PLANTATION, INC., Defendant**

No. 180-1966

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

December 15, 1966

BRUCE MacGIBBON, ESQ., Assistant Attorney General, *for plaintiff*

JAMES A. BOUGH, ESQ. (DUDLEY, HOFFMAN & GRUNERT), Charlotte Amalie, Virgin Islands, *for defendant*

FARRELLY, *Municipal Judge*

OPINION OF THE COURT

This is an action for injunctive relief brought under 24 V.I.C. § 126 or for specific performance under § 128(b).

Bruce MacGibbon, Esq., Assistant Attorney General appeared for the plaintiff. James A. Bough, Esq., in association with Dudley, Hoffman & Grunert, Esqs., appeared for the defendant.

The facts as alleged by the Government of the Virgin Islands, hereinafter referred to as the Government, are substantially as follows. Caneel Bay Plantation, Inc., (hereinafter referred to as Caneel Bay), operates a hotel located on the island of St. John. The hotel employs nonresident alien workers, one of whom is Kathleen Williams.

The Government insists that Williams is employed by Caneel Bay although there is a resident worker available who is qualified to fill the position held by her; that pursuant to 24 V.I.C. § 129, the Assistant Commissioner of Labor has determined that there is an occupationally quali-

fied resident worker available to fill the position held by the nonresident alien worker; that the defendant was advised to terminate the employment of the nonresident alien worker, and has refused to do so.

The defendant has filed a motion to dismiss the action. The most substantial basis of the motion is found in the paragraphs numbered 3 and 4 of page 1 of the motion which reads as follows:

"3. The determination by the Assistant Commissioner of Labor referred to in Paragraph 4 of the Complaint was irregular, null and void because not in compliance with 24 Virgin Islands Code, Sections 129 and 132 in that:

"(a) There was no notice to defendant of any hearing;

"(b) There is no allegation that there was an investigation and hearing; and

"(c) There is no allegation of a finding from evidence adduced at such a hearing that the public interest and welfare demand the replacement of the non-resident employee.

"4. If it be contended that 24 Virgin Islands Code, Section 129, is an ex parte proceeding which does not require notice to defendant and an opportunity to defend at such a hearing, then 24 Virgin Islands Code, Section 129, violates the due process clause (Section 3) of the Revised Organic Act of the Virgin Islands (see Volume I, Virgin Islands Code, page CII) and is therefore unconstitutional."

The thrust of the defendant's position is that there has been an unconstitutional application of the statute. Expressed otherwise, the defendant does not say that the statute is unconstitutional. But rather that the Commissioner did not afford the defendant all of the procedural safeguards inherent in the statute or in procedural due process.

The defendant reads section 129 to mean that if the Employment Service or the Commissioner ascertains that there is available an "occupationally qualified" worker to fill the position of a nonresident worker "and" if the public interest so requires, then the requirement of notice and

hearing must be complied with. That if the Employment Service and the Commissioner find that there is a qualified resident worker and if the public welfare demands such action, then the nonresident worker may be discharged. Phrased differently, notice and an opportunity to be heard must be given in any one of three situations: 1) If the Commissioner; 2) or the Employment Service finds that the nonresident worker may be replaced by a resident worker; and 3) if the public interest and welfare demand it.

The Government contends, on the other hand, that a hearing is required only if the Commissioner finds, after investigation and hearing that the public interest and welfare demand that there is a qualified resident worker who should replace the nonresident; that procedural due process does not require a hearing where the Commissioner or the Employment Service ascertains that there is a qualified resident to replace the nonresident.

 It is clear from a reading of the statute that resident workers were intended to be protected and given preference by this Act. There is nothing inherently unconstitutional about the policy or language of this Act. It has been held that if work, though private, is such that the exclusion of aliens is in fact necessary to the protection of the public welfare, such exclusion is within the police power. People v. Crane, 214 N.Y. 154, 108 N.E. 427, aff'd 239 U.S. 195, 60 L.Ed. 218, 36 S.C. 85.

 But it is also generally accepted that every private individual has a right to be heard prior to the making of an administrative decision which adversely affects his person or property. Notice and opportunity to be heard are fundamental to due process of law, Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 723, 178 (1951).

 Hornbook law distinguishes legislative and judicial authority. When an administrative agency is engaged in

660

the exercise of powers of delegated legislation, it is not bound by the requirements of procedural due process, any more than the legislature itself when it enacts a statute. However, when an agency exercises adjudicatory authority, it has a duty to comply with the rules of due process.

■ As is sometimes stated, the constitutional necessity for notice and hearing must depend somewhat on the nature of the right affected by the administrative action and the issues to be determined. A personal or a property right has been consistently recognized as among those rights which are protected by the requirement of notice and hearing. Cafeteria and Restaurant Workers Union v. McElroy, 367 U.S. 886; Parsons v. District of Columbia, 170 U.S. 45, 42 L.Ed. 943, 18 S.Ct. 521; McDonough v. Goodcell, 13 Cal.2d 741, 91 P.2d 1035; Albert v. Public Service Comm. 209 Md. 27, 120 A.2d 346.

The property right which is affected in the case at bar sounds in contract. The demand of the Commissioner of Labor would affect a contract which, on its face, seems to be valid between Caneel Bay and Kathleen Williams. This fact assumes more importance when one notes the shortage of trained hotel personnel.

■ It would appear that before a nonresident worker may be replaced, a qualified resident replacement must be found. Though this is the requirement of the statute, the personnel needs of a hotel or guesthouse are not necessarily met merely by the fact that the Commissioner or the Employment Service notifies an employer that a "qualified resident worker" has been found. Something more would seem to be required. The *modus operandi* of each hotel is different. Thus, the property rights which a certain employer has in a case such as this include the training and efficiency of an employee and his continuous employment so long as his performance is satisfactory. Given such a situation, it would appear that procedural due process

661

requires that notice and an opportunity to be heard be given prior to notice by the Commissioner or the Employment Service that the employer shall terminate the employment of the nonresident.

 The rule has developed, that the courts, in applying rules of statutory construction, must do so with a view to bringing the legislation into line with constitutional requirements. The courts favor not only a construction of validity by viewing statutes, insofar as applicable, as a whole, but also a construction which, if reasonable, gives effect to statutes as a whole or to as much of them as possible. Bauman v. Ross, 167 U.S. 548, 43 L.Ed. 270, 17 S.Ct. 966. Where the language of a statute is of doubtful impact, the entire act should be examined and upheld if possible, Ullman v. United States, 350 U.S. 422, 100 L.Ed. 511, 76 S.Ct. 497, 53 ALR2d 1008, rehearing denied 351 U.S. 221, 76 S.Ct. 777.

Whether the statute as it reads, leads one to the conclusion that notice and hearing are not required when the Commissioner or the Employment Service ascertains that there is an occupationally qualified resident worker, or, whether a reading of the statute as a whole, leads to the converse conclusion i.e. that notice and hearing pervade the entire Act is a determination which need not be made presently on the kind of record before this Court because such a determination would be premature.

 The term "occupationally qualified" was prescribed by the Legislature as the standard which is to guide the Commissioner and the Employment Service when a determination is to be made whether to displace a nonresident worker with his resident counterpart. Since the Legislature did not, as it could, go beyond this prescription and define the term "occupationally qualified" it is reasonable to assume that the Legislature left to the Commissioner and/or the Employment Service the duty to fashion

an industrial common law definition either by the exercise of their rule-making power or on a case-by-case basis. Thus, substance would be given to the phrase at least on an occupational or job classification basis, Cf. 24 V.I.C. §§ 127(b), 128(b). From either of these two modalities, there would evolve a progressive formation of some observable standards against which to judge whether a resident worker is "occupationally qualified" for the position of chambermaid at Caneel Bay and therefore eligible to displace the nonresident worker.

Counsel have briefed the Court quite well on the issues of a requirement of notice and hearing and the lack of such a requirement. However, since this matter is before the Court on a petition by the Attorney General on behalf of the Commissioner of Labor for an injunction against the continuing employment of Kathleen Williams, which may also be considered a petition for specific performance of a certain agreement entered into by Caneel Bay and the Government as a condition precedent to the hiring of a nonresident worker, the Court concludes that the record is barren of the factual findings or the standards or the criteria which the Assistant Commissioner of Labor, acting for the Commissioner, applied in reaching the determination that there was a resident worker available as a chambermaid who was occupationally qualified. Yet it was on this basis that Caneel Bay was notified that chambermaid Williams had to be discharged to make room for Phyllis Peltier.

The Municipal Court, since March 1st, 1965, has jurisdiction ". . . to review or enforce the decision or determination of all officers, boards, commissions, authorities or tribunals" 4 V.I.C. § 74(6) as amended. Under that grant, this Court in addition to passing on questions of law may review the sufficiency of the evidence which allegedly supports the determination, decision or order of the Com-

missioner. It follows that so long as the Commissioner has met the substantial evidence test, his petition should be granted even though the Court would have made a different choice on the same record. The duty of this court is not to try the issues *de novo*, but to apply the substantial evidence rule to the record presented, 38 CCH Lab. Cas. Par. 66043, 273 F.2d 243, Electrical Workers v. NLRB, (3rd Cir. 1954).

It is a well-known principle of law, for which no citation of authority is necessary, that orders issued by the Commissioner of Labor, standing alone, are not self-executing. No power inheres in the Commissioner to enforce his own orders. But the absence of this power in the Commissioner does not detract from his power to ask this Court for enforcement of the order in question or to seek injunctive relief or a decree of specific performance from the Municipal Court. This he has done.

It is by now sufficiently clear that there is an insuperable obstacle to the granting either of injunctive relief or specific performance. The Assistant Commissioner of Labor has made no finding nor has she adduced any proof in support of the allegations of the complaint numbered 3 and 4 relating to the occupational qualification of Phyllis Peltier; nor has the Assistant Commissioner advanced any objective standard or criteria from which such a determination may be made or at least an inference drawn. Accordingly, the Commissioner's referral of Phyllis Peltier to Caneel Bay is vacated because it is not supported by any findings of the Assistant Commissioner of Labor, V.I. Labor Union v. Caribe Construction Co., 5 V.I. 191, 196, 343 F.2d 364 (3rd Cir. 1965).

Since there is no provision in the Resident Preference Statute, 24 V.I.C. §§ 125–136 (1964) or in the principles governing judicial review of administrative action which precludes this Court from giving the Commissioner

of Labor an opportunity to supply deficiencies in the record or to make valid findings, Ford Motor Co. v. NLRB 1 CCH Lab. Cas. Par. 17,040, 305 U.S. 364 (1939), the petition for an injunction or for specific performance is denied without prejudice and the matter is remanded to the Commissioner of Labor so that the Assistant Commissioner of Labor familiar with this case *ab initio* may make explicit findings of fact from which the conclusion may be drawn that Phyllis Peltier was and is occupationally qualified as a chambermaid and thus, according to law, she should replace Kathleen Williams at Caneel Bay.

Let order issue in accordance with this opinion.