Anne-Marie **TEITSCHEID**, Plaintiff,
and
Catherine Hickory, Intervening Plaintiff,
v.
Jonathan **LEOPOLD**, M.D., Vermont Commissioner of Mental Health, and John Simonds, Vermont Personnel Director.

Civ. A. No. 6221.

United States District Court,
D. Vermont.

Oct. 22, 1971.

J. Morris Clark, Vermont Legal Aid, Inc., Burlington, Vt., for plaintiff and intervenor.

Martin K. Miller, Asst. Atty. Gen. of Vermont, Montpelier, Vt., for defendants.

## OPINION AND ORDER

LEDDY, Chief Judge.

This is a civil rights action seeking injunctive and declaratory relief on the grounds that 3 V.S.A. § 262 (Supp. 1971) violates the equal protection clause of the fourteenth amendment and the supremacy clause of article VI of the United States Constitution. This Vermont statute prohibits state employment of all aliens, with certain exceptions not here relevant.[1]

---

1. 3 V.S.A. § 262 (Supp.1971) reads as follows:

No department or commission of the state government shall regularly employ an alien. However, physicians or other qualified health personnel required to have specialized or graduate training, each of whom has filed a declaration of intention to become a citizen, may be considered as eligible for employment in the absence of a register of qualified applicants for vacancies. The commissioner of corrections may employ alien physicians in a postgraduate training position for a period not to exceed two years. The commissioner of highways, as an emergency measure due to a nation-wide shortage of engineers may employ not more than ten qualified aliens, each of whom has filed a declaration to become a citizen; admitted under the

Plaintiff, Anne-Marie Teitscheid, is a citizen of France and a resident of Vermont. Plaintiff was employed as a mental aide worker with mentally retarded persons at the Brandon Training School, an institution operated by the State of Vermont. At all times during her employment she was informed that her work was satisfactory in every way. In January, 1971, her employment was terminated for the sole reason that she was an alien and could therefore not be regularly employed by the state under the terms of the challenged statute. She has allegedly been unable to find other satisfactory employment since she was dismissed by the Brandon Training School.

■ Catherine Hickory has sought to intervene in this action. She alleges that she is a Canadian citizen whose employment at the Vermont State Hospital in Waterbury, Vermont, has been terminated solely because of her foreign citizenship and the provisions of the challenged statute, and that since her termination she has been unable to find satisfactory employment. Although she has alleged further facts which might permit her to intervene as of right under Fed.R.Civ.P. 24(a), we do not decide whether she may intervene as of right. Rather, we will exercise our discretion to permit her intervention under Fed.R. Civ.P. 24(b) (permissive intervention) as her claim and the main action have a question of law in common; viz., the constitutionality of the challenged statute. The intervention will not delay or prejudice the adjudication of the rights of the original parties.

■ This Court has jurisdiction under 28 U.S.C. § 1343(3).[2] The plaintiffs in the case at bar assert a right which is clearly a "personal right" rather than a "property right." Although part of the relief they seek is reinstatement in particular jobs, the plaintiffs do not assert merely a right to particular jobs, but rather assert a right not to be deprived of employment by the challenged statute in a wide range of possible positions within the state. The elimination of such a large section of the employment market from the opportunities open to them certainly entails "some sort of right to exist in society," Johnson v. Harder, 438 F.2d 7, 12 (2d Cir. 1971), and is incapable of monetary valuation. Tichon v. Harder, 438 F.2d 1396 (2d Cir. 1971), is therefore distinguishable, and jurisdiction is proper under Hague v. C. I. O., 307 U.S. 496, 518, 59 S.Ct. 954, 83 L.Ed. 1423 (opinion of Stone, J.), and Eisen v. Eastman, 421 F.2d 560 (2d Cir. 1969). *See* Gold v.

---

refugee relief act of 1953, as amended, or paroled in under the immigration and nationality act of 1952, for a period not to exceed five years from date of appointment as a state employee, in engineering positions in the department of highways to expedite the surveying, designing and construction of Vermont highways and bridges. The department of development may employ outside of the classified service aliens in any office located outside the United States, providing the individuals so employed are citizens of the nation in which the office is located.

2. Jurisdiction might also be proper under 28 U.S.C. § 1331(a) and 28 U.S.C. § 1332(a) (2). Although the right not to be deprived of employment in a wide range of possible positions within the state has an impact on the basic right of subsistence and is incapable of monetary valuation, included within this larger right is the plaintiffs' asserted right to reinstatement in particular jobs. Plaintiffs have allegedly been unable to find other satisfactory employment, and the salary lost because of the challenged statute might well exceed $10,000 for each plaintiff. Because jurisdiction exists under 28 U.S.C. § 1343(3), however, we need not determine whether $10,000 is in controversy or whether it can be said "to a legal certainty," that it is too speculative to assume that the salary lost by the plaintiffs exceeds $10,000. *Cf.* St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938); Rosado v. Wyman, 304 F.Supp. 1356, 1363 (E.D.N.Y.) (three-judge court), rev'd, 414 F.2d 170 (2d Cir. 1969), rev'd, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970). Moreover, such a determination would involve the specific salary levels at which the plaintiffs were employed, and this information is not now before us.

**302**

Lomenzo, 425 F.2d 959, 961 (2d Cir. 1970).

■ A three-judge district court is not required because, as is discussed more fully below, the recent decision of Graham v. Richardson, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971) makes wholly insubstantial any claim that 3 V. S.A. § 262 (Supp.1971) is constitutional. A single judge may enter judgment in such a case. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962).

Plaintiff has moved for summary judgment, and the defendants have not resisted the motion. We will consider the case in this posture because the pleadings show that there is no genuine issue of fact and that the plaintiff is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c).

In Graham v. Richardson, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971), the Supreme Court held unanimously that Arizona and Pennsylvania could not constitutionally deny welfare benefits to aliens. This decision squarely supports the plaintiffs' position in this case, namely, that the denial of employment to aliens denies them equal protection of the law and interferes with the exclusive right of the federal government to regulate immigration. Despite early Supreme Court decisions that aliens could be barred from state public works projects, Heim v. McCall, 239 U.S. 175, 36 S.Ct. 78, 60 L.Ed.2d 206 (1915) and its companion case, Crane v. New York, 239 U.S. 195, 36 S.Ct. 85, 60 L.Ed. 218 (1915), the Court found that Takahashi v. Fish & Game Comm'n, 334 U.S. 410, 68 S.Ct. 1138, 92 L.Ed. 1478 (1948), had eroded the notion that the equal protection clause fails to afford aliens equal access to so-called "privileges" as well as rights of citizenship. Moreover, Shapiro v. Thompson, 394 U.S. 618, 627 n. 6, 633, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969), and allied cases were considered to have effectively destroyed the validity of any distinction between rights and privileges for purposes of due process and equal protection litigation. The Court then held that distinctions between aliens and non-aliens "are inherently suspect and are therefore subject to strict judicial scrutiny whether or not a fundamental right is impaired." 403 U.S. at 376, 91 S.Ct. at 1854. The Court went on to state:

We agree with the three-judge court in the Pennsylvania case that the "justification of limiting expenses is particularly inappropriate and unreasonable when the discriminated class consists of aliens. Aliens like citizens pay taxes and may be called into the armed forces. Unlike the short-term residents in Shapiro, aliens may live within a state for many years, work in the state and contribute to the economic growth of the state." 403 U.S. at 376, 91 S.Ct. at 1854. The Court also cited with approval the case of Purdy & Fitzpatrick v. State, 71 Cal. 2d 566, 79 Cal.Rptr. 77, 456 P.2d 645 (1969), in which the California Supreme Court, sitting en banc, held unconstitutional a state law similar to that in Heim which excluded aliens from employment on public works projects.

The second ground for the Court's decision in Graham was the fact that denial of state benefits to aliens interferes with the exclusive federal right to regulate immigration and naturalization. See Hines v. Davidowitz, 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581 (1941); Truax v. Raich, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131 (1915). By imposing a burden on indigent aliens when Congress had determined that post-immigration indigency should not affect the right of an alien to remain in the country, the state improperly affected the immigration process.

■ The constitutional defects found in Graham exist equally in the case at bar. Whether employment by the state is deemed a "privilege" or a "right", the Graham decision makes it clear that the classification is irrelevant. Certainly state employment is no less a "right" than the receipt of public welfare. What is important is that the distinction between aliens and citizens

is inherently suspect, and that only a compelling state interest can therefore justify it. No compelling state interest exists in the case at bar, the discrimination against aliens being particularly invidious. The only possible justification is the conservation of state employment funds for state citizens. This is the same rationale specifically held inadequate in *Graham*. Moreover, the denial of work to aliens in Vermont clearly creates a burden on them which Congress did not anticipate and which impinges on the federal immigration process.

Accordingly, it is hereby adjudged that 3 V.S.A. § 262 (Supp.1971) is unconstitutional on its face as it conflicts with the fourteenth amendment and the supremacy clause of the United States Constitution. It is hereby ordered that Catherine Hickory be permitted to intervene in this action, and that plaintiff and intervenor be restored to their original jobs, or to jobs substantially resembling the jobs they would have held but for the operation of the statute.