JOSEPH CHAPMAN, by next friend
VIOLET D. CHAPMAN

v.

PHILLIP A. GERARD, Commissioner of Education and
REHENIA GABRIEL, Director of Pupil Personnel
Service and VIVIAN ANDUZE, JOSEPH JERZ,
JOSEPH AUBAIN, EIRENE McDONALD, GERARD
CHRISTIAN, THELMA DALMIDA and RUFUS
MARTIN, as members of the Virgin Islands
Board of Education, Appellants

## No. 19,313

## United States Court of Appeals

Third Circuit

Argued January 24, 1972

Decided February 28, 1972

IRWIN J. SILVERLIGHT, ESQ. (NICHOLS & SILVERLIGHT), St. Croix, V.I., *for appellants*

ALBERT A. SHEEN, ESQ. (HODGE, SHEEN & FINCH), Christiansted, St. Croix, V.I., *for appellee*

Before SEITZ, *Chief Judge*, ALDISERT and GIBBONS, *Circuit Judges*

OPINION OF THE COURT

SEITZ, *Chief Judge*

This is an appeal from a district court judgment declaring unconstitutional § 173 of the Virgin Islands Code, as amended, insofar as it bars residents of the Islands the right to participate in the Territorial Scholarship Fund (TSF) solely by reason of their alienage.

Plaintiff, appellee, is an alien minor admitted into the United States as a permanent resident. At all times here

relevant he has resided in St. Croix with this status. During his senior year at St. Croix Central High School he applied to participate in TSF. Eligibility was refused by defendants who are responsible for administering TSF. The sole basis for the refusal was plaintiff's non-United States citizenry. At trial he contended that such a refusal denied him equal protection under the law as guaranteed by the Fourteenth Amendment to the Constitution. The district court sustained the contention and defendants appeal.

 An alien lawfully residing in the United States is entitled to equal protection under the Fourteenth Amendment. See Graham v. Richardson, 403 U.S. 365, 371 (1971); Takahashi v. Fish & Game Comm., 332 U.S. 410, 420 (1948); Truax v. Raich, 239 U.S. 33, 39 (1915). See also Hosier v. Evans, 314 F.Supp. 316, 319–20 (D.V.I. 1970). This does not, however, necessarily prevent a particular legislature from excluding aliens residing within its state or territory from realizing certain privileges enjoyed by non-alien residents *if* the exclusion has "a rational basis and bears a reasonable relationship to the special interest sought to be protected by [such a] legislative enactment." See Chapman v. Gerard, —F.Supp. —(D.V.I. 1970); cf. Graham v. Richardson, supra at 371. As noted by the Graham opinion, though, "classifications based on alienage, like those based on nationality, or race, are inherently suspect and subject to close judicial scrutiny." 403 U.S. at 372; accord, Takahashi v. Fish & Game Comm., supra at 420. The decision in Takahashi cast severe doubt on the continued vitality of the "special interest" doctrine in all contexts. See Graham v. Richardson, supra at 374. However, it did not explicitly declare consideration of such interests inappropriate to a review of legislation challenged on equal protection grounds. Rather, the Court in Takahashi restricted itself to noting

that "the power of a state to apply its laws exclusively to its alien inhabitants as a class is confined within narrow limits." 334 U.S. at 420. The issue thus remains whether, in light of Takahashi and its progeny, "[t]he interests which appellants assert are prompted by the [challenged] classification either may . . . be constitutionally promoted by government or are . . . compelling government interests?" See Shapiro v. Thompson, 394 U.S. 618, 627 (1969).

Defendants contend that TSF was created to foster a "pool of qualified citizens, resident within the Virgin Islands, capable of filling Government offices and positions. . . ." In this regard they stress that the limitation to "citizens" in awarding TSF assistance is necessitated by § 29 of the Revised Organic Act of 1954, which provides:

██ "All officials of the Government of the Virgin Islands shall be citizens of the United States. . . ."

The restriction imposed by § 29 is not contested. See Heim v. McCall, 239 U.S. 175 (1915). However, as noted by the district court, the legislative scheme of TSF does not suggest that students assisted necessarily will serve only as governmental "officials." Those receiving grants are required, as a condition precedent to obtaining assistance, to execute "a proper contract to the effect that [they] will accept *employment* by the Government of the Virgin Islands . . ." for a time commensurate with the period over which they received benefits. See 17 V.I.C. § 176(a) (emphasis added). "Employment" is not restricted to serving as a government official, however, and § 29 applies only to individuals serving in that capacity. The district court found that the Virgin Islands Government employs innumerable aliens in a spectrum of capacities and has announced its intention to expand this policy in certain areas of manpower shortage. Also, it was noted that TSF was intended by the legislature apparently to spawn qualified resident professionals in several specific

fields in addition to the Government. Appellants do not challenge these observations. We, therefore, sustain the lower court's ultimate finding that "the statutory scheme of exclusion contained in 17 V.I.C. § 173 [is] arbitrary, invidious and without reasonable nexus to the special interest allegedly sought to be protected and the claimed purpose it was designed to serve."

 We do not believe that the constitutional attack leveled against § 173(a) can be answered by defendants' argument that participation in TSF is a "privilege" rather than a "right." See Graham v. Richardson, supra at 374; Shapiro v. Thompson, at 627 n. 6; Sherbert v. Verner, 374 U.S. 398, 404 (1963); cf. Kirstein v. Rector & Visitors of Univ. of Va., 309 F.Supp. 184, 187 (E. D. Va. 1970) (14th Amendment applies to post-secondary school "educational opportunities"). Nor can we sustain the challenged classification on the contention, implicit in defendants' argument, that TSF assistance is limited to "citizens" in an effort to preserve the fiscal integrity of the Government and the fund. We note only that, in view of the fact that TSF is a program financed, in part, by the Government, this objective per se cannot necessarily justify the classification sought to be imposed. See 17 V.I.C. § 171; cf. Hosier v. Evans, supra at 320. Compare Griffin v. County Sch. Bd., 377 U.S. 218 (1964) with Crane v. New York, 239 U.S. 195 (1915). See also Graham v. Richardson, supra at 372–74, 376. This is not to say, of course, that no conditions precedent can be prescribed to determine eligibility for TSF assistance. To the contrary, as noted by appellants themselves, classification may be acceptable which, according to the particular circumstances, appears "not palpably arbitrary and . . . reasonably based on a substantial difference or distinction. . . ." See Clarke v. Redeker, 259 F.Supp. 117, 122 (S. D. Iowa 1966); cf. Booker v. State of Tenn. Bd. of Educ., 240 F.2d 689, 693 (6th Cir. 1957). We

conclude only that in the present circumstances the discriminatory condition precedent of United States citizenship appearing in 17 V.I.C. § 173(a), is not constitutionally sustainable as being "rationally related to a legitimate state object or purpose." Id.

The judgment of the district court will be affirmed.