## Participation by Aliens in Scholarship Program

PACKEL, Attorney General, January 15, 1973.— You have inquired whether proposed Regulation 100, which establishes a citizenship requirement for state scholarships, is lawful. You are advised that proposed Regulation 100 is to be treated as unconstitutional as presently drafted and that, therefore, it cannot be approved until redrafted in conformity whith constitutional standards as detailed below. You are further advised that the citizenship requirement contained in Public Act No. 541 of January 25, 1966, P. L. (1965) 1546, 24 PS §5154(a)(1), must also be treated as unconstitutional. Therefore, you are instructed that in the evaluation of any application for a State scholarship you are to disregard the citizenship of the applicant as well as the citizenship of the parents.

Both Regulation 100 and 24 PS §5154(a)(1) require that any applicant for a State scholarship either be a citizen of the United States or be taking steps to become a citizen. Thus, the regulation and the statute deny State scholarships to any person who has not or will not become a citizen of the United States. Regulation 100, moreover, requires applicants who are under 18 years of age to have a parent or guardian who is a citizen or is taking steps to become a citizen. Because this aspect of Regulation 100 disadvantages aliens by withholding scholarship aid from their children, who may or may not be citizens, it is a discrimination based on nationality just as clearly as is the requirement that the applicant himself be a citizen.

Under what are now well-established constitutional principles, discrimination based solely on nationality violates the requirement of the Fourteenth Amendment that no State "deny to any person within its jurisdiction the equal protection of the laws" unless the discrimination can be properly justified as necessary to achieve an essential governmental interest: Graham v. Richardson, 403 U.S. 365 (1971). See Oyama v. California, 332 U.S. 633, 644-46 (1948); Korematsu v. United States, 323 U.S. 214, 216 (1944); Hirabayashi v. United States, 320 U.S. 81, 100 (1943); Takahashi v. Fish & Game Commission, 334 U.S. 410, 420 (1948). Classifications based on nationality are "inherently suspect": Graham v. Richardson, 403 U.S. at 376.

In Graham v. Richardson, supra, the Supreme Court held that citizenship requirements for public assistance were unconstitutional under the equal protection clause of the Fourteenth Amendment. The principle enunciated in Graham has been applied in four Attorney General's opinions. In Opinion 92, a citizenship requirement for licenses to practice veterinary medicine was held to violate the equal protection clause. The same holding was made with respect to a citizenship requirement for licenses to practice medicine (Opinion 113), with respect to a citizenship requirement for licenses to practice pharmacy (Opinion 114), and with respect to a citizenship requirement for licenses to practice nursing (Opinion 116). Moreover, following the Supreme Court's decision in Graham, the Third Circuit Court of Appeals held that where State scholarship aid is not restricted to persons who are to hold important official positions, a State scholarship program may not be designed so as to exclude aliens: Chapman v. Gerard, 456 F. 2d 577 (1972).

The court in Chapman noted that the scholarship

program at issue in that case was intended to achieve a worthy public objective—"to spawn qualified resident professionals." The court found, however, that "'the statutory scheme of exclusion . . . [is] arbitrary, invidious and without reasonable nexus to the . . . claimed purpose . . .'": Chapman v. Gerard at 578.

Consistently with Graham, Chapman, and Attorney General Opinions 92, 113, 114 and 116, we conclude that the Constitution requires that applications for State scholarships be evaluated without regard to the citizenship of the resident or his parents and that Act 541 insofar as it conditions scholarship grants on the citizenship of the applicant or his parents or insofar as it conditions eligibility on the intent to become a citizen is to be considered unconstitutional and unenforceable. Accordingly, proposed Regulation 100 will not be approved until it omits any citizenship requirement.