GRACE LINE, INC., Petitioner,
v.
FEDERAL MARITIME BOARD,
Respondent.
No. 97, Docket 24872

United States Court of Appeals
Second Circuit.

Argued Dec. 5, 1958.

Decided Feb. 13, 1959.

Cahill, Gordon, Reindel & Ohl, New York City (Lawrence J. McKay, Arthur Mermin, New York City, of counsel), for petitioner.

Victor R. Hansen, Asst. Atty. Gen., Daniel M. Friedman, Atty., Dept. of Justice, E. Robert Seaver, Gen. Counsel, Robert E. Mitchell, Asst. Gen. Counsel, Edward Aptaker, Chief, Regulation Branch, Robert J. Blackwell, Atty., Federal Maritime Board, Washington, D. C., for respondent.

Before SWAN, MEDINA and WATERMAN, Circuit Judges.

WATERMAN, Circuit Judge.

Grace Line, Inc., petitioner herein, seeks to set aside an order of the Federal Maritime Board dated August 20, 1957. The Board finds petitioner to be a common carrier of bananas, and therefore to be in violation of sections 14 and 16 of the Shipping Act of 1916, 46 U.S.C. §§ 812, 815,[1] because it has contract carrying arrangements with certain shippers of that commodity. Petitioner is ordered, in place of such contract arrangements, to offer banana carriage to all qualified shippers, with successful applicants for carriage space to be determined on a fair and reasonable basis.

Petitioner is a United States flag operator offering common carrier service to and from ports in Ecuador from and to ports on the Atlantic coast of the United States. Since 1934, after extensive alteration of its vessels so as to add "reefer" (refrigerated) space, it has been carrying bananas on that route on a "contract carrier" basis. United Fruit Company and Standard Fruit Company have vessels plying this trade route, but they carry bananas as proprietary cargo. Grancolombiana Line and the Chilean Line, both foreign flag operators traveling this route, also have vessels with reefer space adequate for carrying bananas, but due to their schedules they are not suitable banana carriers. Bananas are the only product carried by petitioner on a contract carrier basis,

---

1. The pertinent portions of Sections 812 and 815 read as follows:

"§ 812. Rebates and discriminations by carriers by water prohibited; * * *

"No common carrier by water shall, directly or indirectly

* * * * * * *

"Fourth. Make any unfair or unjustly discriminatory contract with any shipper based on the volume of freight offered, or unfairly treat or unjustly discriminate against any shipper in the matter of (a) cargo space accommodations or other facilities, due regard being had for the proper loading of the vessel and the available tonnage; * * * "

"§ 815. Discriminatory acts prohibited

* * * * * * *

"It shall be unlawful for any common carrier by water, * * *

"First. To make or give any undue or unreasonable preference or advantage to any particular person, locality, or description of traffic in any respect whatsoever, or to subject any particular person, locality, or description of traffic to any undue or unreasonable prejudice or disadvantage in any respect whatsoever."

every other commodity carried by it on this trade route being carried in common carriage.

This case arose out of complaints filed by Banana Distributors, Inc. and Arthur Schwartz alleging that petitioner was a common carrier by water, and that it had violated sections 14 and 16 by refusing to carry complainants' bananas in its reefer space. Various parties intervened, for and against Grace Line, and, after a hearing by an examiner and argument before the Board, the Board's Report [2] and the Order here in question were issued. The basis of the Board's decision seems to be that since bananas are "susceptible to common carriage" [3] petitioner is a common carrier thereof, and that therefore it violated sections 14 and 16 because it carried as a contract carrier a commodity which should have been carried under terms of common carriage. Petitioner maintains that it is a contract rather than a common carrier of bananas, that as such it is not within the proscriptions of sections 14 and 16, and that upon review by us of the action of the Board its Order should be set aside.

■■ With respect to the scope of judicial review of administrative decisions, the cases are in agreement that there are minimal standards beyond which the courts cannot allow administrative bodies to go. The reviewing court must satisfy itself that the administrative decision has a "rational" or "reasonable" foundation in law, Securities & Exchange Commission v. Chenery Corp., 1947, 332 U.S. 194, 207, 67 S.Ct. 1575, 1760, 91 L.Ed. 1995, rehearing denied, 1947, 332 U.S. 747, 68 S.Ct. 26, 92 L.Ed. 367; Unemployment Compensation Commission of Territory of Alaska v. Aragan, 1946, 329 U.S. 143, 154, 67 S.Ct. 245, 91 L.Ed. 136; N. L. R. B. v. Hearst Publications, 322

U.S. 111, 131, 64 S.Ct. 851, 88 L.Ed. 1170, rehearing denied, 1944, 322 U.S. 769, 64 S.Ct. 1148, 88 L.Ed. 1595; Gray v. Powell, 1941, 314 U.S. 402, 411, 62 S.Ct. 326, 86 L.Ed. 301; Rochester Tel. Corp. v. United States, 1939, 307 U.S. 125, 146, 59 S.Ct. 754, 83 L.Ed. 1147; and when not so satisfied the court must reverse the administrative action, Social Security Board v. Nierotko, 1946, 327 U.S. 358, 66 S.Ct. 637, 90 L.Ed. 718. The Board reasoned that since bananas are susceptible of common carriage petitioner could not transport them otherwise than in common carriage. Such a test, a test based upon susceptibility only, tends, in effect, to eliminate contract carriage. Most, if not all, commodities are "susceptible" of common carriage. This susceptibility test would appear to be clearly contrary to the Congressional purpose, for it is obvious that Congress intended that sections 14 and 16 should apply not to all carriers but only to "common" carriers by water.

■ Upon this appeal the Board would seek to support its Report by arguing that in view of sections 14 and 16 an ocean carrier which transports commodities for the public generally cannot as part of its regular business carry also a particular commodity on a contract basis. But we cannot now decide whether this new argument suffices to support the Report and Order now before us. We must judge the propriety of the Board's action solely on the grounds then invoked by it. Securities & Exchange Commission v. Chenery Corp., 1942, 318 U.S. 80, 87, 88, 63 S.Ct. 454, 87 L.Ed. 626; 1947, 332 U.S. 194, 196, 67 S.Ct. 1575, 1760, 91 L.Ed. 1995, rehearing denied, 1947, 332 U.S. 747, 68 S.Ct. 26, 92 L.Ed. 367.

Reversed and remanded.

2. Numbers 771 and 775, decided April 29, 1957.

3. The rationale of the Board's decision reads as follows:
On the whole, this record supports the conclusion that bananas are susceptible to common carriage, and it follows that Respondent, a common carrier of general cargo, has carried under contract a commodity which is capable of being and should have been, carried under terms of common carriage.