George **CLARKE** and Joan Clarke, Plaintiffs,

v.

S. **REDEKER,** N. Perrin, W. Molison, Mrs. J. Rosenfield, M. Wolf, J. Richards, C. Loss, T. Louden, W. Quarton and D. Dancer, Iowa State Board of Regents for State Educational Institutions, and W. Cox, Director of Admissions and Registrar, State University of Iowa, Defendants.

Civ. No. 6–1773–C–1.

United States District Court
S. D. Iowa,
Central Division.

Sept. 15, 1966.

Charles H. Clarke, Detroit, Mich., and Charles R. Coulter, Muscatine, Iowa, for plaintiffs.

Arthur O. Leff, Iowa City, Iowa and Timothy McCarthy, Sol.Gen. of Iowa, Des Moines, Iowa, for defendants.

## MEMORANDUM OPINION

Before MATTHES, Circuit Judge, and STEPHENSON and HANSON, District Judges.

STEPHENSON, District Judge.

### MOTION TO DISMISS

Initially the Court will consider the defendants' motion to dismiss the complaint filed against them. Pursuant to Federal Rule of Civil Procedure 12(d), hearing on the defendants' motion was deferred until the trial. The contentions upon which the motion to dismiss is premised are essentially as follows: (1) There is no basis for invoking the jurisdiction of this Court in this matter; (2) the plaintiffs have failed to exhaust their administrative remedies; and (3) there is no basis upon which the plaintiffs' allegations would entitle them to relief.

The plaintiffs have invoked the jurisdiction of this Court under the provisions of 28 U.S.C. § 1343. This statute grants original jurisdiction to the federal district courts of any civil action authorized by law for the redress of the deprivation, under color of state law, of any right secured by Constitutional provisions or by any act of Congress providing for equal rights of United States citizens. The statute which, in this instance, authorizes the plaintiff to institute an action against the defendants herein is 42 U.S.C. § 1983.[1] The plaintiffs thus clear-

---

1. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

ly have a basis for invoking the jurisdiction of this Court.[2]

The defendants also contend that the plaintiffs have failed to exhaust the administrative remedies available to them and are therefore not entitled to relief in this Court. Although a plaintiff challenging state action is normally required to exhaust state administrative remedies before instituting an action in a federal court, a plaintiff suing under the provisions of 28 U.S.C. § 1343 for a deprivation of civil rights is not required to exhaust state administrative remedies if his claim is based on federal law. McNeese v. Board of Educ., 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963). The plaintiffs in this instance are asserting that the policy of the Iowa State Board of Regents concerning the charging of a higher rate of tuition for out-of-state students attending Iowa universities and colleges than for those students classified as residents, violates rights guaranteed to them by the Constitution of the United States. Under these circumstances the plaintiffs were not required to exhaust all available state administrative remedies prior to the time when they instituted the present action in this federal court.

The defendants further contend that the plaintiffs' complaint should be dismissed because there is no basis upon which the allegations contained therein would entitle them to relief. The Court disagrees. The allegations contained in the complaint, if established, would entitle the plaintiff to appropriate relief. The defendants' motion to dismiss must be denied.

## THE CONTROVERSY

The principal question before the Court involves a determination of whether the plaintiff, George Clarke,[3] is being deprived of certain constitutional rights because he is charged a nonresident rather than a resident tuition fee while attending the College of Law at the State University of Iowa. Plaintiff seeks to enjoin state officials from charging him nonresident tuition at the University.

The plaintiff entered the State University of Iowa (hereinafter referred to as SUI) in September, 1961. Prior to that time he had resided in Illinois. Since the plaintiff enrolled at SUI, he has been continuously attending the University and, at the age of 22, is presently a student in the College of Law. During August 1964, the plaintiff married Joan Weaver. Mrs. Clarke has lived in Iowa all of her life.

During his entire tenure as a student at SUI, the plaintiff has been charged the nonresident tuition fee, which is approximately twice as much as the tuition fee charged students who are classified as residents. The plaintiff is now contending that there is no basis for charging him a nonresident tuition fee and seeks to enjoin SUI from doing so. The plaintiff premises his contention upon the following allegations: (1) It is a violation of the equal protection and privileges and immunities clauses of the fourteenth amendment to the Constitution for a state operated university to charge a nonresident student a higher rate of tuition than that charged a resident student. (2) The tuition regulations applied by SUI unreasonably discriminate between a nonresident male whose wife is a

2. Since the plaintiffs herein seek to enjoin the enforcement of a state policy promulgated by the Iowa State Board of Regents for State Educational Institutions, a three-judge federal court was designated to hear this case. See Phillips v. United States, 312 U.S. 246, 251, 61 S.Ct. 480, 85 L.Ed. 800 (1941).

3. Although the wife of George Clarke—Joan—also joins as a plaintiff in this lawsuit, she is not presently attending school and her claim is based on the allegation that she is being injured as a result of the tuition fee which her husband is being forced to pay. Since this lawsuit is thus focused on the contentions of George Clarke, all references hereinafter made to the plaintiff will pertain to that individual.

resident of Iowa and a nonresident female whose husband is a resident of Iowa. (3) He is a resident and citizen of the State of Iowa.

The regulations concerning the classification of residents and nonresidents for admission and tuition fee purposes are attached to the application for admission which must be filled out by all individuals seeking admission to SUI. The regulations which resulted in the plaintiff being classified as a nonresident student are as follows.

Students enrolling at The University of Iowa, Iowa City, shall be classified as Resident or Nonresident for admission, fee, and tuition purposes by the Registrar. The decision shall be based upon information furnished by the student and all other relevant information. The Registrar is authorized to require such written documents, affidavits, verifications, or other evidence as are deemed necessary to establish the domicile of a student, including proof of emancipation, adoption, award of custody, or appointment of a guardian. The burden of establishing that a student is exempt from paying the nonresident fee is upon the student.

For purposes of resident and nonresident classifications, the word "parents" as herein used shall include legal guardians or others standing in *loco parentis* in all cases where lawful custody of any applicant for admission has been awarded to persons other than actual parents.

Regulations regarding residence for admission, fee, and tuition payment are generally divided into two categories—those that apply to students who are minors and those that apply to students who are over 21 years of age. The requirements in these categories are different. Domicile within the state means adoption of the state as fixed permanent home and involves personal presence within the state. The two categories are discussed in more detail below.

\* \* \* \* \* \*

A resident student 21 years of age or over is (1) one whose parents were residents of the state at the time he reached his majority and who has not acquired a domicile in another state or (2) who, while an adult, has established a bona fide residence in the state of Iowa by residing in the state for at least 12 consecutive months immediately preceding registration. Bona fide residence in Iowa means that the student is not in the state primarily to attend a college; that he is in the state for purposes other than to attempt to qualify for residence status.

Any nonresident student who reaches the age of 21 years while a student at any school or college does not by virtue of such fact attain residence in this state for admission or tuition payment purposes.

The residence of a wife is that of her husband. A nonresident female student may attain residence through marriage, and correspondingly, a resident female student may lose residence by marrying a nonresident. Proof of marriage should be furnished to the Registrar at the time change of status is requested.

\* \* \* \* \* \*

Ownership of property in Iowa, or the payment of Iowa taxes, does not in itself establish residence.

A student from another state who has enrolled for a full program, or substantially a full program, in any type of educational institution will be presumed to be in Iowa primarily for educational purposes, and will be considered not to have established residence in Iowa. Continued residence in Iowa during vacation periods or occasional periods of interruption to the course of study does not of itself overcome the presumption.

All students not classified as resident students shall be classified as nonresidents for admission, fee, and tuition purposes. A student who willfully gives incorrect or misleading

information to evade payment of the nonresident fees and tuition shall be subject to serious disciplinary action and must also pay the nonresident fee for each session attended.

\* \* \* \* \* \*

The decision of the Registrar on the residence of a student for admission, fee, and tuition purposes may be appealed to a Review Committee. The finding of the Review Committee shall be final.

■■ The fourteenth amendment to the Constitution provides that a state cannot deny to any person within its jurisdiction the equal protection of the law. This constitutional provision, however, does not prohibit classifications by the states. Any classification by a state which is not palpably arbitrary and is reasonably based on a substantial difference or distinction is not a violation of the equal protection clause so long as the classification is rationally related to a legitimate state object or purpose. In this instance then, the Court must determine whether the classification of students as residents or nonresidents for the purpose of paying tuition is reasonable and whether that classification is rationally related to a legitimate object of the State of Iowa.

In contending that the classification involved herein is unconstitutional the plaintiff relies quite heavily upon the Supreme Court's decision in Carrington v. Rash, 380 U.S. 89, 85 S.Ct. 775, 13 L.Ed.2d 675 (1965). The Carrington case involved a provision of the Texas Constitution prohibiting any member of the Armed Services of the United States who first establishes his home in Texas while a member of the Armed Services from voting in any election in that State so long as he remained a member of the Armed Forces. The constitutional provision involved constituted an absolute denial to servicemen falling within its purview of the right to vote in Texas. The Supreme Court specifically recognized that Texas has unquestioned power to impose reasonable residence restrictions on the right to vote. In this instance, however, Texas transcended the scope of that power. The Supreme Court held that by denying a serviceman the opportunity of ever controverting the presumption of nonresidence, the Texas Constitution imposed an invidious discrimination in violation of the equal protection clause of the fourteenth amendment.

Although the *Carrington* case is helpful, it is by no means dispositive of the issue now before the Court. In deciding that case, the Supreme Court placed great emphasis on the absoluteness of the Texas rule. The regulations pertaining to the classification of students at SUI for the charging of tuition contains the following paragraph:

A student from another state who has enrolled for a full program, or substantially a full program, in any type of educational institution will be presumed to be in Iowa primarily for educational purposes, and will be considered not to have established residence in Iowa. Continued residence in Iowa during vacation periods or occasional periods of interruption to the course of study does not of itself overcome the presumption.

■ The Iowa tuition regulations are thus not set up in terms of an absolute classification. A student from another state is classified as a nonresident because he is presumed to be in Iowa primarily for educational purposes. If appropriate facts and circumstances arise subsequent to a student's classification as a nonresident, there is nothing in the regulations which would prevent his reclassification as a resident. The student is merely required to present sufficient evidence to overcome the presumption of nonresidency. Mr. W. A. Cox, the Director of Admissions and Registrar at SUI, testified that as far as his office is concerned, when a nonresident enters the University and remains enrolled as essentially a full time student, he will be con-

tinuously classified as a nonresident.[4] Mr. Cox further testified that when a student's request for a change in residency classification is refused, he is notified that he may appeal the decision to the Review Committee. Mr. Ross, the chairman of the Review Committee, then testified that although the committee applies the same rules and regulations as the Registrar, it sometimes interprets them slightly different. For instance, Mr. Ross indicated that, under appropriate circumstances, a student originally classified as a nonresident may acquire a resident classification even if he continues as a full time student. The Court is in agreement with the Review Committee's interpretation in this respect. Although the Registrar's interpretation of the rules, standing alone, would probably constitute a constitutional violation under the teachings of Carrington v. Rash, the Review Committee's interpretation of the rules plus the language of the rules themselves persuade this Court that a classification of nonresidency placed on a student from another state constitutes only a presumption which may be overcome by an appropriate showing of change in circumstances.[5]

The students at SUI who are classified as nonresidents are charged a higher tuition than resident students. The defendants justify the discrimination primarily on the basis that resident students or their parents pay taxes to the State of Iowa which, in turn, supports and maintains SUI. The higher tuition charged nonresident students tends to distribute more evenly the cost of operating and supporting SUI between residents and nonresidents attending the University.[6] Although there is no way for this Court to determine the degree to which the higher tuition charge equalizes the educational cost of residents and nonresidents, it appears to be a reasonable attempt to achieve a partial cost equalization. The regulation classifying students as residents or nonresidents for tuition payment purposes is not arbitrary or unreasonable and bears a rational relation to Iowa's object and purpose of financing, operating and maintaining its educational institutions.[7]

4. Mr. Cox did testify that there was one exception to the general rule against reclassification of nonresident students who remain as full time students at the University. When the parents of a nonresident move into Iowa from another state, and the student is under 21, that student is, upon application, reclassified as a resident.

5. At the hearing, the plaintiff objected to the introduction of evidence concerning exceptions and variations to the general rule that a nonresident cannot change his classification so long as he continues as a full time student. The plaintiff objected to this evidence on the basis that a stipulation in the pretrial order stated that an adult student at SUI cannot acquire resident classification while he is a student. An examination of the pretrial order reveals that the defendants only conceded that a nonresident student will not be reclassified when his application is based solely on an intent to remain in Iowa after completing school. This concession in no way prevented the defendants from introducing evidence of other possible exceptions and variations to the general rule involved herein.

6. It must be recognized that most students who are classified as nonresidents pay taxes to the State of Iowa in one form or the other. There is still a valid basis for distinguishing between a student who is paying taxes while temporarily residing in the State and one who pays taxes and plans to reside in Iowa indefinitely. Although payment of state taxes is one factor to consider when classifying students as residents or nonresidents, it is not controlling.

7. The plaintiff makes an additional argument based on an interpretation and application of a combination of the equal protection clause, the privileges and immunities clause and the commerce clause. After discussing these constitutional clauses, the plaintiff concludes that when a state possesses a qualified ownership interest in certain resources which may be used or exploited by citizens of other states as well as citizens of the state having the interest, that state cannot discriminate against citizens of other states unless a valid state regulatory or proprietary program would be frustrated or seriously impaired without such discrimination. Plaintiff then concludes

The plaintiff further contends that SUI's tuition regulations constitute an unconstitutional discrimination against him on the basis of his sex. The regulation which gives rise to this contention is as follows:

> The residence of a wife is that of her husband. A nonresident female student may attain residence through marriage, and correspondingly, a resident female student may lose residence by marrying a nonresident. Proof of marriage should be furnished to the Registrar at the time change of status is requested.

Plaintiff contends that this regulation discriminates against him on the basis of his sex because it permits a nonresident female to acquire residence through marriage and does not give a nonresident male the same opportunity. This regulation is obviously an attempt to adhere to the well established legal concept that the domicile of a wife is the same as that of her husband. Classification under this regulation is not automatic. The regulation merely serves as a guideline for the classification of both nonresident females marrying Iowa residents and resident Iowa females marrying nonresidents.

 This Court is convinced that, when a resident marries a nonresident, it is reasonable for SUI to classify both the husband and wife as residents of the same state. This does not mean, however, that it is required to do so. Such classifications should be left to the sound discretion of the appropriate University officials.

 Although it is reasonable to classify a husband and wife as residents of the same state, it does not necessarily follow that they must be classified as residents of the state where the husband was a resident prior to the marriage. The marriage of a resident and a nonresident should merely be a factor in determining the residency classification. While it is by no means controlling, such a marriage is a relevant consideration in determining a student's residency for tuition purposes. The regulation of SUI on this point pertains only to female students. It is not expressed in absolute terms requiring reclassification of the female student if a resident marries a nonresident. The regulation serves only as a guideline for the possible reclassification of the female student. The fact that there is not a similar guideline for male students involved in such a marriage does not prevent the appropriate University officials from considering his marriage when he is attempting to overcome the rebuttable presumption of nonresidency. Although it is possible that the University regulations on this point could be clarified, they do not presently constitute a constitutional violation.

 Plaintiff further contends that he is a resident of Iowa and has been improperly classified as a nonresident for tuition payment purposes. In reviewing a determination of an administrative body, a Court is normally limited to ascertaining whether the administrative action was arbitrary, unreasonable, or capricious or unlawful.[8] This Court is thus

---

that SUI is required to charge nonresidents the same tuition fee as that charged resident students. This Court does not agree. While a state may not discriminate against a nonresident merely because he is not a citizen of that state, it is the view of this Court that a state may justify a separate classification for nonresidents if that classification is predicated upon a reasonable basis. As pointed out above, this Court feels that there is a reasonable basis for charging a nonresident student a higher tuition fee than that

charged residents. A discussion of the legal aspects of the nonresident tuition fee may be found in 6 Ore.L.Rev. 332 (1927).

8. See, e. g., Grace Line, Inc. v. Federal Maritime Bd., 263 F.2d 709 (2d Cir. 1959); Reconstruction Fin. Corp. v. Lightsey, 185 F.2d 167 (4th Cir. 1950); N.L.R.B. v. Grace Co., 184 F.2d 126 (8th Cir. 1950). See also, 73 C.J.S. Public Administrative Bodies and Procedure, §§ 160, 166.

somewhat limited in considering the plaintiff's contention that he should be classified as a resident.

While the administrative rules and regulations pertaining to classification of residents and nonresidents for tuition payment purposes are slightly confusing and could be improved in some aspects, they are not unlawful and any determination in conformity with them which is not unreasonable or arbitrary must be upheld by the courts. As previously discussed, a student from another state attending SUI is presumed to be a nonresident. The presumption is by no means conclusive. If a proper showing is made, a student originally from out of state should be reclassified as a resident. Although the Registrar at SUI does not appear to be applying the regulations as creating only a rebuttable presumption, the Review Committee, as final arbiter of residency classifications at SUI, correctly interprets those regulations in this regard. The Review Committee recognizes that a student originally classified as a nonresident may, under appropriate circumstances, be reclassified as a resident even though he has been enrolled in a full program at SUI or another Iowa educational institution since his arrival in the State.

While the Review Committee's interpretation of the regulations is correct, its application of them in this instance appears to be unduly rigid. It is the view of the Court that the plaintiff herein has established a substantial basis for being classified as a resident for tuition payment purposes. The Review Committee should be given an opportunity to reconsider the plaintiff's classification in light of this opinion. This cause is therefore remanded to the Review Committee for appropriate action.

Jurisdiction of this cause will be retained by the Court pending action by the Review Committee, and for such further relief as either party may request.