Sherman H. SKOLNICK and Dick Gregory, Plaintiffs,

v.

Otto KERNER, as Governor of the State of Illinois and Chairman of the State Electoral Board, Paul Powell, as Secretary of State of the State of Illinois and Secretary of the State Electoral Board, William G. Clark, as Attorney General of the State of Illinois and member of the State Electoral Board, William J. Scott, as Treasurer of the State of Illinois and member of the State Electoral Board, and Michael J. Howlett, as Auditor of Public Accounts of the State of Illinois and member of the State Electoral Board of Illinois, Defendants.

No. 66 C 38.

United States District Court
N. D. Illinois, E. D.

Oct. 31, 1966.

Sherman H. Skolnick, Chicago, Ill., pro se.

Jean F. Williams, Chicago, Ill., for plaintiff Dick Gregory.

William G. Clark, Atty. Gen., of State of Illinois, Chicago, Ill., for Otto Kerner, William G. Clark and Michael J. Howlett.

Don H. Rueben, Lawrence Gunnels, and Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for William J. Scott and intervening defendant, John W. Freels.

Bernard Kleiman, Gilbert A. Cornfield and Gilbert Feldman, Kleinman, Cornfield & Feldman, Chicago, Ill., for Paul Powell.

Before HASTINGS, Chief Circuit Judge, CAMPBELL, Chief District Judge, and DECKER, District Judge.

DECKER, District Judge.

This is the second suit filed in this Court attacking the Illinois Constitution's provisions for election of Judges of the Supreme Court.[1] The core of the complaint is that residents of Cook County, Illinois, are deprived of federally protected rights under the present election system. We dealt in detail with this problem in Romiti v. Kerner, 256 F.Supp. 35 (N.D.Ill.1966), in which we dismissed the complaint.[2] Defendants have filed motions to dismiss on the ground that *Romiti* fully and conclusively disposes of all of the issues in this case. We agree.

The basic facts of *Romiti* and the present case are identical; no purpose will be served by repeating them here.[3] For the most part, the complaint rests on the same theory as the *Romiti* complaint and must be controlled by our decision in that case. In particular, the present complaint seeks no more than immediate implementation of the new Article VI of the Illinois Constitution; as in *Romiti,* no challenge is raised to the constitutionality of that provision, once it takes full effect.

A single additional argument is raised by the present plaintiffs; the complaint states it, as follows:

"Plaintiff Sherman H. Skolnick is a United States citizen of a minority

---

1. The first was Romiti v. Kerner, 256 F.Supp. 35 (N.D.Ill.1966). Jurisdiction in both suits is asserted under 42 U.S.C. § 1983 and § 1988 and 28 U.S.C. § 1343 (3). Relief is also sought under 28 U.S.C. §§ 2201–2202.

2. Since this suit seeks an injunction to restrain the enforcement, operation and execution of Illinois regulations, statutes and constitutional provisions, determination by a three-judge court is proper under 28 U.S.C. § 2281.

3. A thorough statement of the facts relevant to these two cases may be found in *Romiti,* 256 F.Supp. at 36–43, 47–53.

group, namely of the Jewish faith and race and plaintiff Dick Gregory is a United States citizen likewise of a minority group, namely of the Negro race. Plaintiffs Sherman H. Skolnick and Dick Gregory bring this suit furthermore on behalf of themselves and on behalf of other citizens similarly situated.

"In the State of Illinois, the bulk of those persons who are of a minority race or religion reside in the First Judicial District, the County of Cook, and are either of the Jewish faith and race or are non-white.

"The present malapportioned Judicial Districting scheme freezes out, debases, dilutes, frustrates, and nullifies the vote for Supreme Court Justices of 95% of those in the State of Illinois who are, like plaintiff Sherman H. Skolnick, of the Jewish faith and race, and 83% of those in the State of Illinois who are, like plaintiff Dick Gregory, of the non-white race."

While Romiti alleged debasement of votes of all Cook County voters,[4] plaintiffs allege debasement only of the votes of Cook County Negroes and Jews. This single difference in the complaints is urged as sufficient for granting here the relief denied in *Romiti*.

The proposition hardly survives its statement. The whole right of a voter under the fourteenth amendment is the right to equal treatment with all other voters in the exercise of his franchise. We have held that Romiti and all similarly situated Cook County voters are so treated in elections for Supreme Court judges. To avoid the *Romiti* result, plaintiffs must show that they are in a different position than Romiti with respect to their votes. This plaintiffs cannot do merely by showing their race or religion. To support a claim based on racial or religious distinctions, plaintiffs must show, at the very least, that they are treated differently from other voters. But, they are treated identically with Romiti and all other Cook County voters who, in turn, are treated with sufficient equality with all other Illinois voters to preclude a claim of denial of constitutional rights. Negroes, Jews and Romiti are similarly situated with respect to their votes for judges of the Illinois Supreme Court: they are voters in Cook County. Consequently, plaintiffs cannot avoid the result in *Romiti*.

The present complaint, unlike the *Romiti* complaint, claims a denial of rights in the use of the new Appellate Court districts adopted in the 1962 amendment to the Judicial Article of the Constitution. The claim is clearly groundless. The new first judicial district, with slightly more than half of the State's population, is assigned 12 of the State's 24 Appellate Court judges. The United States Constitution requires nothing more than this even allocation.

We hold that the present case is controlled by our prior decision in Romiti v. Kerner. For this reason, the motions of defendants to dismiss the complaint are granted, and the cause is dismissed with prejudice.

---

4. Romiti brought his suit on his own behalf and on behalf of all other persons, citizens, taxpayers and voters similarly situated.