Stephen JOHNS, Appellant,

v.

S. REDEKER et al., Appellees.

Charles TWIST, Appellant,

v.

S. REDEKER et al., Appellees.

Nos. 19141–19143.

United States Court of Appeals
Eighth Circuit.

Feb. 14, 1969.

Charles H. Clarke, Detroit, Mich., for appellants and filed brief.

Arthur O. Leff, Iowa City, Iowa, for appellees; Richard C. Turner, Atty. Gen. of the State of Iowa, Des Moines, Iowa, and Elizabeth A. Nolan, Asst. Atty. Gen. of the State of Iowa, were with Arthur O. Leff, Iowa City, Iowa, on the brief.

Before VAN OOSTERHOUT, Chief Judge and BLACKMUN and LAY, Circuit Judges.

VAN OOSTERHOUT, Chief Judge.

Before us are timely appeals authorized in forma pauperis from judgments of the District Court dismissing two complaints seeking relief against the individual members of the Iowa State Board of Regents for State Educational Institutions, hereinafter referred to as Regents, by way of injunction and damages with respect to the Regents requiring nonresidents of Iowa to pay a higher rate of tuition than resident students at the institutions of higher learning operated by the Regents.

Both actions were commenced as class actions for the benefit of plaintiff Johns and all persons similarly situated who are residents of states other than Iowa and who are or will be students in a school operated by the Regents. The court permitted the cases to be prosecuted as class actions.

The two complaints contain the same basic allegations, to wit, that plaintiffs are residents of states other than Iowa; that they are students at the University of Iowa, an institution operated by the Board of Regents; and that the Regents, pursuant to regulations adopted, require nonresident students of the University and other educational institutions operated under their supervision to pay a substantially higher rate of tuition than charged residents of the state of Iowa. It is alleged that the Regents' exacting of higher tuition from nonresidents is unconstitutional in that it deprives plaintiffs of their rights under the equal protection clause of Amendment Fourteen, the interstate privileges and immunities clause of Article IV, Section 2 of the Constitution, and 42 U.S.C.A. § 1983.

In case No. 19,142, plaintiffs pray for equitable relief enjoining the Regents from enforcing the discriminatory tuition regulations against students who are citizens of other states, and directing the Regents to admit citizens of other states to Iowa's educational institutions on the same tuition terms as Iowans, to the extent facilities are available, after first granting preference to qualified Iowans and giving recognition to certain other priorities. Plaintiffs request that a three-judge court be convened under 28 U.S.C.A. § 2281 to hear and determine the case.

In case No. 19,141, plaintiffs seek to recover all tuition paid by them in excess of sums charged residents from the earliest date open under the statute of limitations to the date of final judgment. The treasurers of each of the state educational institutions operated by the Regents are named as additional defendants in case No. 19,141 and assertion is made that the treasurers have illegally collected the excess tuition charged in violation of their statutory bonds executed pursuant to Iowa Code § 64.2.

After judgment was entered in case No. 19,142, Charles Twist, a student at the University who is a resident of California, was permitted to intervene and was allowed to prosecute an appeal in forma pauperis. Such appeal has been taken and Twist is the appellant in case No. 19,143.

Jurisdiction in these cases is based exclusively on 28 U.S.C.A. § 1343.

The trial court refused to convene a three-judge court on the ground that no substantial federal question was presented. It dismissed the complaint for want of jurisdiction. We affirm.

It is established and undisputed that both Johns and Twist are citizens of the United States and residents of states other than Iowa and that they are students at the University of Iowa who are required to pay the higher nonresident tuition. The ultimate issue presented

in all the cases before us is whether any federally guaranteed constitutional rights of the plaintiffs are violated by charging nonresident students a higher tuition than is charged residents of Iowa.

Plaintiffs' principal contention on these appeals is that their complaint in the injunction case presents a substantial federal question on the validity of the nonresident tuition provisions of the Regents' regulations and that hence a single judge is without jurisdiction to dismiss the complaint and that such action could be taken only by a properly constituted three-judge court.

■ It is well established that a single judge can hear and determine a case in which a three-judge court is requested if there is no substantial federal question presented. Swift & Co. v. Wickham, 382 U.S. 111, 115, 86 S.Ct. 258, 15 L.Ed.2d 194; Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 7 L.Ed.2d 512; Ex Parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 78 L.Ed. 152; Green v. Board of Elections, 2 Cir., 380 F.2d 445, 448; Weir v. United States, 8 Cir., 310 F.2d 149, 152.

■ The trial court's determination of the lack of substantiality of the federal constitutional issue raised is reviewable by a Court of Appeals. Schackman v. Arnebergh, 387 U.S. 427, 87 S.Ct. 1622, 18 L.Ed.2d 865; Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794. If no valid basis exists for the lack of substantiality determination, this court's jurisdiction is limited to a reversal and remand with direction to convene a three-judge court. The Supreme Court in California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 867, 82 L.Ed. 1323, held: "The lack of substantiality in a federal question may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of this Court as to foreclose the subject." See Weir v. United States, supra; Green v. Board of Elections, supra.

As aptly pointed out by the Second Circuit in Green v. Board of Elections,

neither of the tests prescribed affords a formula which can be applied to a particular case with mathematical precision. With respect to the application of the tests, the *Green* court states:

"When the single district judge has denied the injunction and three circuit judges are convinced that the pleadings show the claim to lack merit, they accomplish little save *elegantia juris* by reversing because they are not completely certain that the lack was so obvious as to have warranted dismissal by one judge rather than three. See Offermann v. Nitkowski, 378 F.2d 22 (2 Cir. 1967). The only practical consequence, if the three judge court should share the views of lack of merit entertained by the single district judge and themselves, as they must confidently suppose it will, is that the plaintiff could then appeal directly to the Supreme Court under 28 U.S.C. § 1253. But this is hardly of great moment in view of the immediate availability of certiorari to the court of appeals and the likelihood of this being granted if the Supreme Court thinks a constitutional claim may have been erroneously rejected."

In Swift & Co. v. Wickham, 382 U.S. 111, 124, 86 S.Ct. 258, 265, 15 L.Ed.2d 294, the Supreme Court, contrary to its prior holdings, determined that a three-judge court is not required in a situation where preemption of federal law prevents the enforcement of a state statute. The decision contains a good discussion of the purposes of 28 U.S.C.A. § 2281. Among other things, the Court states:

"In re-examining the *Kesler rule* the admonition that § 2281 is to be viewed 'not as a measure of broad social policy to be construed with great liberality, but as an enactment technical in the strict sense of the term and to be applied as such.' "

* * * * * *

"The purpose of the three-judge scheme was in major part to expedite important litigation: it should not be interpreted in such a way that litigation, like the present one, is delayed

while the proper composition of the tribunal is litigated."

Chief Judge Stephenson, who heard these cases, based his determination of lack of substantiality largely upon the opinion of a three-judge court which arose in the same district, Clarke v. Redeker, D.C., 259 F.Supp. 117. The three-judge court which heard the case last cited consisted of Circuit Judge Matthes, Judge Stephenson and Judge Hanson. The opinion concurred in by all of the judges was written by Judge Stephenson. The judges of the Southern District of Iowa are Judge Stephenson and Judge Hanson. The opinion was filed on September 15, 1966. The precise issue involved in the present case was raised and decided in the *Clarke* case. The Regents were defendants in that case. The same nonresident tuition regulations here involved were there involved. While the plaintiff in that case is a different person than the plaintiffs in the present case, Clarke's counsel appears as counsel for the plaintiffs in the present case.

In the *Clarke* case, evidence was taken on the reasonableness of the differentiation in tuition charged residents and nonresidents. The three-judge court determined that the nonresident students' constitutional rights were not violated by the exaction from them of a higher tuition charge upon the basis of the following reasons:

"The students at SUI who are classified as nonresidents are charged a higher tuition than resident students. The defendants justify the discrimination primarily on the basis that resident students or their parents pay taxes to the State of Iowa which, in turn, supports and maintains SUI. The higher tuition charged nonresident students tends to distribute more evenly the cost of operating and supporting SUI between residents and nonresidents attending the University. Although there is no way for this Court to determine the degree to which the higher tuition charge equalizes the educational cost of residents and nonresidents, it appears to be a reasonable attempt to achieve a partial cost equalization. The regulation classifying students as residents or nonresidents for tuition payment purposes is not arbitrary or unreasonable and bears a rational relation to Iowa's object and purpose of financing, operating and maintaining its educational institutions." 259 F.Supp. 117, 123.

Plaintiffs contend that *Clarke* is not controlling because Clarke has established that he had abandoned his Illinois residence and that he had become a resident of Iowa, and that hence the decision in the *Clarke* case is based upon acquisition of residence in Iowa and the discussion upholding the validity of higher tuition for nonresident students is dicta. We do not agree. In a supplemental order supported by a supplemental opinion, both filed on January 9, 1967, the three-judge court determined Clarke had established that he was entitled to be classified as a resident for tuition purposes effective September 1966. Clarke in his petition squarely raised the contention that higher tuition charges for nonresidents violated constitutional rights and the court squarely passed upon such issue. It would have been unnecessary for the court to reach the resident status issue alternately urged by Clarke if his discrimination claim had been upheld. Additionally, the determination with respect to residence gave Clarke the benefit of the lower resident tuition rate only for the period subsequent to September 1966, and the court in effect denied Clarke's claim that he was entitled to the benefit of the lower resident tuition rates for the period that he paid tuition as a student prior to September 1966.

In our present case, Judge Stephenson based his determination that no substantial federal question was presented upon the reasoning and authorities set forth in his unreported memorandum opinion as follows:

"This court is of the opinion that a decision of a three-judge court sitting in this district is binding on this court, particularly if that decision was

recently rendered and not appealed. Donnelly Garment Co. v. NLRB, 123 F.2d 215, 220 (8th Cir. 1942). Cf. United States v. Egelak, 173 F.Supp. 206 (D.Alaska 1959). The issues raised by the complaint in this case were presented to this court in the first *Clarke* case and passed upon by a three-judge court sitting in this district. Counsel for the plaintiff Stephen Johns, who is the same counsel that argued the *Clarke* case before this Court, is now attempting to relitigate these issues which were decided adversely to his position in the *Clarke* case. 'It is a long established rule that judges of the same court will not knowingly review, reverse or overrule each other's decisions. * * * The necessity of such a rule in the interest of an orderly administration of justice is clear.' Donnelly Garment Co. v. NLRB, supra at 220. No useful purpose would now be served by requesting the convening of a three-judge court to pass on the same issues as were decided in the *Clarke* case. The Court is of the view that the opinion of the three-judge court sitting in the *Clarke* case decided these issues in this district and that there is therefore no substantial federal question presented. This case should, therefore, be dismissed on jurisdictional grounds for lack of a substantial federal question without convening a three-judge district court."

Plaintiffs' contention that no final appealable order was entered in the *Clarke* case is without merit. It is true that the opinion reported at 259 F.Supp. 117 after making the determination that the nonresident tuition charged was not constitutionally invalid remanded the issue of whether plaintiff had attained a residence in Iowa to the University Review Committee for determination, and jurisdiction was retained pending action by the Review Committee for such further relief as either party may request. Such reservation prevented the order from being a final order from which an appeal could be taken as a matter of right.

However, the order entered on January 9, 1967, after further consideration of the residence issue by the Review Committee determined Clarke to be a resident of Iowa for tuition purposes effective September 1966. Such order completed the disposition of all issues pending in the case and constituted a final judgment from which Clarke could have appealed on the adverse holding that a higher tuition charge against nonresident students was constitutionally permissible.

■■ We agree with plaintiffs' contention that a considerable degree of flexibility exists in the application of the doctrine of stare decisis to prior decisions of the district court before which a case is pending. The general policy is not to lightly overrule a prior decision of the court. In Rhodes v. Meyer, 8 Cir., 334 F.2d 709, 716–718, we affirmed the district court's application of the doctrine of stare decisis to a former decision of the trial court. See 20 Am.Jur. 2d, Courts § 186–87. Of course an obvious error need not be perpetuated by strict adherence to a court's earlier decisions.

In Romiti v. Kerner, N.D.Ill., 256 F. Supp. 35, a three-judge court upheld the constitutionality of an Illinois statute governing the election of Supreme Court judges by permitting present judges to complete the term to which they had been elected and to succeed themselves.

In Skolnick v. Kerner, N.D.Ill., 260 F.Supp. 318, the court dismissed the complaint of a new plaintiff attacking the same statute involved in *Romiti* upon the ground that the case before it was controlled by the prior decision in *Romiti*. The Supreme Court summarily dismissed the appeal from such decision for want of a substantial federal question. Skolnick v. Kerner, 387 U.S. 91, 87 S.Ct. 1506, 18 L.Ed.2d 589. See also Waddell v. Chicago Land Clearance Comm'n, 7 Cir., 206 F.2d 748.

■ The two judges of the Southern District of Iowa participated and concurred in the opinion in the *Clarke* case,

written by Judge Stephenson, and filed about a year before the decision in the present case. There is nothing in Judge Stephenson's decision which reflects that he had any doubt about the validity of the *Clarke* decision and no significant change in statutory or decision law occurring since the decision in *Clarke* was called to the attention of Judge Stephenson or this court. Upon the record before us, we are of the view that Judge Stephenson was warranted in determining that the doctrine of stare decisis should be applied to the *Clarke* decision and that upon the basis thereof, no substantial federal question was presented by the case before him and that absent a substantial federal question, the case should be dismissed for want of federal jurisdiction.

█ Moreover, it is the view of this court that reliance by the trial court on its decision in the first *Clarke* case was not misplaced. A substantial portion of the funds needed to operate the Regents' schools are provided by legislative appropriation of funds raised by taxation of Iowa residents and property. Nonresidents and their families generally make no similar contribution to the support of the schools. A reasonable additional tuition charge against nonresident students which tends to make the tuition charged more nearly approximate the cost per pupil of the operation of the schools does not constitute an unreasonable and arbitrary classification violative of the equal protection. Support for the holding in *Clarke* is found in Bryan v. Regents of University of California, 188 Cal. 559, 205 P. 1071 and Landwehr v. Regents of University of Colorado, 156 Colo. 1, 396 P.2d 451.

The trial court committed no error in determining that no substantial federal question was presented on the validity of the nonresident tuition provisions of the Regents' regulations and hence the injunction action involved in the appeals Nos. 19,142–43 could be heard by a single judge, and such judge was warranted in dismissing the injunction action on jurisdictional grounds for lack of a substantial federal question.

The trial court also determined that the basic issues in the damage action (No. 19,141) were identical to those in the injunction action and that "this case should likewise be dismissed on jurisdictional grounds for want of a substantial federal question."

The judgments dismissing both complaints for failure to present a substantial federal question are affirmed.