George CLARKE, Appellant,

v.

S. REDEKER et al., Appellees.

No. 19137.

United States Court of Appeals
Eighth Circuit.

Feb. 14, 1969.

Charles H. Clarke, Detroit, Mich., for appellant.

Arthur O. Leff, Iowa City, Iowa, for appellees; Richard C. Turner, Atty. Gen. of State of Iowa, Des Moines, Iowa, and Elizabeth A. Nolan, Asst. Atty. Gen. of State of Iowa, on the brief.

Before VAN OOSTERHOUT, Chief Judge, and BLACKMUN and LAY, Circuit Judges.

VAN OOSTERHOUT, Chief Judge.

This is a timely appeal in forma pauperis from final judgment dated October 31, 1967, dismissing plaintiff's complaint filed May 2, 1967, upon defendants' motion. Jurisdiction is based exclusively on 28 U.S.C.A. § 1343.

Defendants in this action are individual members of the Iowa Board of Regents which board, pursuant to statute, supervises the operation of Iowa's institutions of higher learning, including the University of Iowa. R. Ross and A. Leff, members of the tuition review committee established by the Regents, are also made defendants.

Plaintiff in his complaint states that he was formerly a resident of Illinois; that he is a native born citizen of the United States; that he has attended the University of Iowa as a student since 1961; that he has been a citizen of Iowa since August 1964; that he was wrongfully charged the higher nonresident tuition from September 1964 to January 1967 in violation of 42 U.S.C.A. § 1983; and that the lower resident tuition rate was wrongfully, willfully and maliciously denied him by the Board and the review committee. He asserts that as a result he was required to pay the higher nonresident tuition, thereby impairing his future earning capacity and suffering great mental anguish, for all of which he seeks damages including punitive damages. He also seeks a refund of the excess tuition payments made prior to September 1966.

The trial court dismissed the complaint for reasons set out in its memorandum opinion as follows:

"For grounds for their motion to dismiss the defendants urge, inter alia, that the plaintiff has already sued on this cause of action in the case of Clarke v. Redeker, 259 F.Supp. 117 (S.D.Iowa 1966), and that a final adjudication in that case precludes another suit on that same cause of action. The Court agrees.

"The cause of action plead here is the same cause of action plead in the first *Clarke* case. The difference is in the remedy sought. In the first case the plaintiff sought an injunction against the enforcement of the tuition regulations. The Court there held that 'the plaintiff, George Clarke, has established that he was a resident of the State of Iowa for tuition payment

purposes effective with the commencement of his second year of law school in September 1966.' Clarke now seeks damages for being charged the nonresident rate from August of 1964 to 1967. He cannot now do so. To the extent, if any, that these issues were not decided in the first *Clarke* case, they are matters that might have, and should have, been there determined. 'The law of res judicata as it relates to claim preclusion is firmly established. In a subsequent action by the same parties, a judgment on the merits in a former action based upon the same cause of action precludes relief on the grounds of res judicata. The judgment is conclusive, not only as to matters which were decided, but also as to all matters which might have been decided. Tait v. Western Md. Ry. Co., 289 U.S. 620, 623, 53 S.Ct. 706, 77 L. Ed. 1405; Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069; Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195; Guettel v. United States, 8 Cir., 95 F. 2d 229, 230, 118 A.L.R. 1060.' Englehardt [Engelhardt] v. Bell & Howell Co., 327 F.2d 30 (8th Cir. 1964).

"Inasmuch as the Court finds that the plaintiff is here suing on the same cause of action as was adjudicated in Clarke v. Redeker, 259 F.Supp. 117 (S.D.Iowa 1966), this action should be dismissed as precluded on the grounds of res judicata."

■ The trial court in its well-reasoned opinion has convincingly demonstrated that plaintiff's present cause of action is barred by res judicata. In Clarke v. Redeker, 259 F.Supp. 117, an action by the same plaintiff against the same Regents, the court determined that charging Clarke the higher nonresident tuition rate prior to his acquisition of residence in Iowa violated none of plaintiff's constitutional rights and that plaintiff acquired residence status for tuition purposes as of September 1966.

■ As previously stated, federal jurisdiction is based solely on 28 U.S.C.A.

§ 1343. The first *Clarke* case conclusively determines that no substantial federal question is presented by plaintiff's attack on the constitutionality of the Regents' nonresident tuition regulations. See Johns v. Redeker, 8 Cir., 406 F.2d 878, filed this day. This case was properly dismissed for want of a substantial federal question.

The fact issue of when Clarke attained residence in Iowa for tuition purposes was fully adjudicated in the first *Clarke* case and such determination is binding upon the plaintiff.

■ The cause of action here asserted is the same cause of action asserted in the earlier case. In both actions, Clarke seeks relief for the same wrong, to wit, denial to him of the resident tuition rate, and the same period of time is involved. Plaintiff cannot split a cause of action. Towle v. Boeing Airplane Co., 8 Cir., 364 F.2d 590, 592.

Plaintiff's contention that some of the malicious conduct charged by him occurred after the termination of the prior litigation and hence is not precluded thereby lacks both substance and merit. The court in the first *Clarke* case by its judgment of January 9, 1967, held that the only relief plaintiff was entitled to was a determination that he was entitled to resident tuition status effective September 1966. The present complaint does not state when the Regents adjusted the tuition differential for the post-September 1966 period. Plaintiff in his brief states: "[T]he Board of Regents eventually complied with the judgment of the three judge court rendered in January 1967 and made effective as of September 1966 with the result that appellant was charged the resident rate of tuition after September 1966. Consequently, the appellant does not press for damages for excess tuition payments made in September 1966 and afterwards."

If a minor delay in the post-September 1966 tuition adjustment occurred, it could not possibly afford a basis for damages

for violation of any federally protected right of plaintiff.

The judgment dismissing the complaint is affirmed.