TUITION — OUT-OF-STATE STUDENTS Under the Equal Protection Clause of theFourteenth Amendment to the United States Constitution, the Legislature can set limits on tuition and fees to be charged at institutions of higher education, which provide for greater tuition or fees for out-of-state students than in-state students; however, it cannot set tuition or fees for out-of-state students residing within sixty (60) miles of a state institution of higher education at the same rate paid by residents of the State at such institution. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: "Can the Legislature provide that out-of-state students living within sixty (60) miles of a state institution of higher education located in the State of Oklahoma pay tuition for attendance at such institutions at the same rate that residents of the State of Oklahoma pay tuition at such institution?" Concerning tuition or fees at state institutions of higher education, ArticleXIII-A, Section 2 of the Oklahoma Constitution provides in part as follows: "The Regents shall constitute a co-ordinating board of control for all state institutions described in Section 1 hereof, with the following specific powers: . . .(5) it shall have the power to recommend to the Legislature proposed fees for all of such institutions, and any such fees shall be effective only within the limits prescribed by the Legislature." In 70 O.S. 628.1 [70-628.1] (1971), the Legislature has set the limits for fees and tuition for non-resident students at a higher rate than the limits established by the State Regents for resident students. That section reads as follows: "It is the intent of the Legislature that the State Regents shall formulate a policy statement on the whole subject of student fees with the view of holding charges to the lowest minimum possible, and define that portion of the educational cost which should be borne by students in the form of charges for enrollment in the various courses of study at institutions, and establish appropriate limits accordingly as intended by the Constitution and statutes. The Oklahoma State Regents for Higher Education shall have authority to establish enrollment fees and tuition for nonresident students at such rates deemed appropriate and consistent with policies of the State Regents on the subject of student charges, provided that the schedule of required fees and tuition for nonresident students shall be a minimum of Thirty-six Dollars ($36.00) and a maximum of Forty-two Dollars ($42.00) per semester hour at the state universities; a minimum of Twenty-four Dollars ($24.00) and a maximum of Thirty Dollars ($30.00) at the state colleges and other four-year institutions; and a minimum of Seventeen Dollars ($17.00) and a maximum of Twenty-three Dollars ($23.00) at the junior colleges. It is the intention of the Legislature that the State Regents review the nonresident student charges and make appropriate adjustments upward from the charges in effect at the time of the effective date of this resolution, provided that, consistent with Article XIII-A of the Constitution of Oklahoma, the maximum charge shall not exceed limits stated herein by the Legislature." It has been held that state laws charging non-resident students higher tuition fees than resident students are constitutional under the Equal Protection Clause of theFourteenth Amendment to the Federal Constitution. In Johns v. Redeker, 406 F.2d 878 (8th Cir. 1969), the Court upheld Iowa's higher tuition charge for nonresident students on the basis that it was not arbitrary or unreasonable, but rather bore a rational relationship to Iowa's object and purpose of financing, operating and maintaining its educational institutions. In that case, the Court stated at page 883 of the opinion as follows: ". . . A substantial portion of the funds needed to operate the region's schools are provided by legislative appropriation of funds raised by taxation of Iowa residents and property. Nonresidents and their families generally make no similar contribution to the support of the schools. A reasonable additional tuition charge against non-resident students which tends to make the tuition charge more nearly proximate the cost per pupil of the operation of the schools does not constitute an unreasonable and arbitrary classification violative of the equal protection." Likewise in Kelm v. Carlson, 473 F.2d 1267
(6th Cir. 1973), the Court recognized that the State of Ohio had the right to charge different tuition fees to out-of-state residents than its own residents. At pages 1270 and 1271 of the opinion, the Court stated as follows: "As we have indicated, we recognize that Ohio and its universities have a right to charge different fees to out-of-state residents than its own citizens." Further, in Vlandis v. Klein, 412 U.S. 441, 37 L.Ed.2d 63 (1973), the United States Supreme Court also recognized the right of a state to charge out-of-state students a higher tuition fee than in-state students. At pages 452 and 453 of the opinion, the United States Supreme Court stated as follows: ". . . We fully recognize that a state has a legitimate interest in protecting and preserving the quality of its colleges and universities and the right of its own bona fide residents to attend such institutions on a preferential tuition basis." The Court in Vlandis, supra, went on, however, to hold that a state could not set up a permanent irrebutable presumption of non-residency which afforded no opportunity for students who applied from out-of-state to demonstrate that they have become bona fide resident, as such would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. From the foregoing cases, it is evident that the federal courts have upheld higher tuition or fees for out-of-state as opposed to in-state students on the basis that the same bears a rational relationship to a legitimate state interest; that state interest being the financing, operation and maintenance of the state's educational institutions, which are supported from the tax revenues derived from state residents. So long as such classification has this rational basis, it would be upheld under the Equal Protection Clause of theFourteenth Amendment. Without any such rational basis, however, a classification of this type would be struck down under the Equal Protection Clause of theFourteenth Amendment. If out-of-state students who reside within sixty (60) miles of state institutions are allowed to attend such institutions by paying the same tuition as residents of the State of Oklahoma, while other out-of-state students are required to pay a higher tuition, such would appear to violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; since such classification between different out-of-state students does not bear any rational relationship to the State's legitimate interest or object in financing, operating and maintaining its education institutions for its own residents, who support such institutions through the payment of taxes. Out-of-state residents residing, within sixty (60) miles of state institutions, do not directly through taxation, contribute to the support of any state institutions, as do residents of the State. Thus, the rational basis relied upon by the Courts in those cases previously cited for classifying in-state and out-of-state students differently for tuition purposes does not exist where out-of-state students are classified differently based upon whether they live within sixty (60) miles of a state institution or further than sixty (60) miles from a state institution. The result, therefore, is to discriminate without a rational basis against the out-of-state student living further than sixty (60) miles from a state institution. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the Legislature can set limits on tuition and fees to be charged at institutions of higher education, which provide for greater tuition or fees for out-of-state students than in-state students; however, it cannot set tuition or fees for out-of-state students residing within sixty (60) miles of a state institution of higher education at the same rate paid by residents of the State at such state institution. (Gerald E. Weis) ** SEE: OPINION NO. 89-521 (1989) **