QUESTION: May the Board of Hospital Trustees of the Seminole Memorial Hospital prescribe higher hospital service fees for paying patients who are nonresidents of Seminole County than for residents?
SUMMARY: There is no statutory limitation, other than that all hospital service fees be reasonable or just and proper, which would restrict the authority of the Board of Hospital Trustees of the Seminole Memorial Hospital, under ss. 155.16 and 155.20, F. S., to fix and prescribe higher hospital service fees for nonresidents of Seminole County than for residents. Any question as to the constitutional validity of and rational basis for such a classification distinguishing residents from nonresidents may be answered only by a court within the context of a particular case and controversy. The Board of Hospital Trustees of the Seminole Memorial Hospital (hereinafter referred to as the "board"), established pursuant to Ch. 155, F. S., which relates to the organization and operation of county hospitals, is clearly authorized by s. 155.16 to extend the services of the hospital to nonresidents of Seminole County upon the terms and conditions which the board chooses to prescribe and to fix and prescribe reasonable hospital service fees for patients, resident and nonresident, who are able to pay. Section 155.16 provides as follows: Every hospital established under this law shall be for the benefit of the inhabitants of such county and of any person falling sick or being injured or maimed within its limits, but the board of hospital trustees may extend the privileges and use of such hospital to persons residing outside of such county upon terms and conditions as such board of trustees may from time to time, by its rules and regulations, prescribe. Every such inhabitant or person who is not a pauper shall pay to such board or such officer as it shall designate, a reasonable compensation for occupancy, nursing, care, medicine, and attendance, according to the rules and regulations prescribed by the said board. See also s. 155.20 requiring the board to fix charges for the use and services of the hospital by those persons able to pay for same as the board may deem just and proper. I find no statutory limitation upon the exercise of this authority, other than the requirement that all hospital service fees be reasonable or just and proper, that would restrict the board in prescribing higher hospital service fees for nonresidents of Seminole County than for residents. Cf. s. 180.191, F. S., relating to municipal utility rates for noncity resident users; Mohme v. City of Cocoa,328 So.2d 422 (Fla. 1976), holding, among other things, that a municipal utility may charge customers outside the city a different rate for service from that charged customers inside the city if such rate differential is justified because of difference in the cost of furnishing service to those outside the city limits; and AGO 074-212. As to whether the board may constitutionally fix and prescribe higher hospital service fees for nonresidents of Seminole County than for residents, the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, as judicially construed, requires that all legislative or regulatory classifications which do not involve a "fundamental right" or "suspect criteria" bear a rational relation to a permissible state objective. See McGowan v. Maryland,366 U.S. 420, 426 (1961); and Massachusetts Board of Retirement v. Murgia, 49 L.Ed.2d 520 (1976); cf. s. 2, Art. I, State Const.; AGO 074-279. Applying the Equal Protection Clause here, I am aware of no case holding that access to and use of public hospital facilities is a fundamental right or that residency per se is a suspect criterion. Thus, the classification in question, in order to be upheld, must bear a rational relation to a permissible state objective. Cf. AGO 076-124. In this regard, it may be possible to rationally justify higher hospital service fees for nonresidents of Seminole County than for residents on the basis that residents already contribute a portion of the funds needed to operate the hospital through the county's taxation of them and their property, see ss. 155.04, 155.24, and 155.25, F. S., and that the imposition of higher hospital service fees on nonresidents, who generally make no similar tax contribution, will more nearly equalize the cost per patient of the operation of the hospital. Cf. Johns v. Redecker, 406 F.2d 878 (8th Cir. 1969), cert. denied, Twist v. Redecker, 396 U.S. 853. However, the determination of the rationality of this basis for classification may be made only after a consideration of all relevant economic factors entering into the costs of providing the hospital services, including the amount of any federal and state tax dollars which may have been contributed to support the construction and maintenance of the hospital. In any event, since such determination is a factual one, the constitutional aspect of your question is not susceptible of an affirmative or negative response here but is ultimately a matter for judicial resolution within the context of a particular case and controversy.