Roger Owen **HOOBAN**

v.

**Edward J. BOLING, President of University of Tennessee, and Carl Pierce, Assistant Dean of the University of Tennessee College of Law.**

**Civ. A. No. 8276.**

United States District Court,
E. D. Tennessee, N. D.

July 10, 1973.

Roger Owen Hooban, pro se.

Ronald C. Leadbetter, John C. Baugh, Arthur B. Stowers, Jr., Daniel F. B. Rhea, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This suit was instituted, pursuant to Title 42 U.S.C. § 1983, to require the defendants, who are officials of the University of Tennessee, to reclassify Roger Owen Hooban, a student at the College of Law, as an in-state student. Plaintiff contends that the defendants violated his rights under the Fourteenth Amendment and Article IV, Section 2, of the Constitution of the United States, the latter dealing with the right to freely travel from one state to another, in that the defendants required him to pay a higher tuition fee to attend the College of Law than is paid by those classified as in-state students.

The defendants deny liability and contend that the rules and regulations of the University as applied to plaintiff are constitutional on their face. Further, the defendants contend that they did not apply such rules and regulations to plaintiff in an unconstitutional manner as claimed by him.

The Court has heard a great deal of proof from both sides, much of which the Court did not consider as determinative of the primary issue that must here be decided.

The principal question, if the Court understands the situation properly, is whether the defendants in their capacities as members of the Committee on Fee Classification for the Knoxville campus, the Chancellor of the University of Tennessee, the President Mr. Edward Boling, and the members of the Board of Trustees of the University (now called the Board of Regents), acted arbitrarily, capriciously, unreasonably and unlawfully in denying plaintiff an in-state student status. Plaintiff, with a great deal of earnestness, insists that they did. He exhausted his administrative remedies which indicates his perseverance, and he tried to convince the Administrators of the University that they were wrong. All attempts were unsuccessful. He now asks this Court to substitute its judgment for that of the Administrators below.

Plaintiff heavily relies upon the recent decision of the United States Supreme Court in Vlandis v. Kline, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973). The basic precept to be gained from that case is that a state, or state administrative board, cannot irreversibly and irrebuttably classify a non-resident as such for tuition fee purposes. As stated by the Court:

" . . . [I]t is forbidden by the Due Process Clause to deny an individual the resident rates on the basis of a permanent and irrebuttable presumption of nonresidence, when that presumption is not necessarily or universally true in fact, and when the State has reasonable alternative means of making the crucial determination. . . . "

P. 452, 93 S.Ct. p. 2236.

A student while on student status must be given an opportunity to present evidence that he is a bona fide resident of Tennessee and that he is thereby enti-

tled to in-state tuition. This opportunity was presented plaintiff in the present case.

The Court in *Vlandis,* however, continued:

"  .  .  .  Our holding  .  .  . should in no wise be taken to mean that Connecticut must classify the students  .  .  .  as residents, .  .  . just because they go to school there. Nor should our decision be construed to deny a State the right to impose on a student, as one element in demonstrating bona fide residence, a reasonable durational residency. We fully recognize that a State has a legitimate interest in protecting and preserving the quality of its colleges and universities and the right of its own bona fide residents to attend such institutions on a preferential tuition basis."

p. 452, 93 S.Ct. p. 2236.

■ Thus, the primary question in this case, as previously indicated by the Court, is whether the rules and regulations at issue, including the requirement that a student prove his residency by "clear and convincing evidence," create an irrebuttable presumption of nonresidence.

Plaintiff also relies on Clarke v. Redeker, 259 F.Supp. 117 (S.D.Iowa, 1969, aff'd on other grounds, 8 Cir., 406 F.2d 883). However, this case seems to benefit defendants as much, if not more, than plaintiff. It appears to state the preferred scope of review in this type of case. There, as here, the plaintiff brought an action under Title 42 U.S.C. § 1983 and relied upon the case of Carrington v. Rash, 380 U.S. 89, 85 S.Ct. 775, 13 L.Ed.2d 675 (1965), which case applied the irrebuttable presumption rationale later to be employed by the United States Supreme Court in *Vlandis*. The District Court, per Stephenson, Judge, first stated that the regulations before him did not create an irrebuttable presumption for

"  .  .  .  if appropriate facts and circumstances arise subsequent to a

student's classification as a nonresident, there is nothing in the regulations which would prevent his reclassification as a resident  .  .  . "

259 F.Supp., at 122.

That is likewise true in the case under consideration. The regulations here, in themselves, both recognize and provide the machinery through which a student may become reclassified as a resident for tuition purposes.

Turning to the appropriate scope of review, Judge Stephenson then stated:

"  .  .  .  In reviewing a determination of an administrative body, a Court is normally limited to ascertain whether the administrative action was arbitrary, unreasonable, or capricious or unlawful. This Court is thus somewhat limited in considering the plaintiff's contention that he should be classified as a resident."

259 F.Supp., at 124, 125.

The Court further stated that while the regulations there could be improved, they were not arbitrary or unlawful. However, the Court concluded that if a proper showing was made, reclassification would obtain.

That is true in the case under consideration. The proof indicates that the administrative authorities of the University of Tennessee will reconsider the plaintiff's status sometime in August of this year. Upon the evidence adduced at trial, which evidence was not originally presented to the Committee for Fee Classification when the decision which is before this Court was originally made, and upon evidence that they hear at that time, they may very well reclassify plaintiff as an in-state student. But that is a matter for the administrators, not for this Court. This Court must not set itself up as an administrator for the University of Tennessee or any other state agency. This Court sits only for one purpose in a case of this character, that is, to determine whether or not the constitutional rights of a citizen of the United States have been violated. To hold otherwise would be to open the

doors of the district courts to all claimants who had some personal disagreement with state administrative decisions. This cannot be allowed.

 Plaintiff further relies upon Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969), for the proposition that his right to free travel has been chilled. The application of that principle to the case under consideration appears unsound, if not far-fetched.

The Supreme Court undertook to explain its holding in *Shapiro* in the case of Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972). In both cases, the Court was faced with a durational residency requirement that had the effect of penalizing the nonresident for purposes of welfare benefits and voting privileges, respectively. The Court required, in such cases, that the state demonstrate a compelling governmental interest for, due to the penal nature of the requirement, it would be subjected to close judicial scrutiny. That is not the case here.

The language of *Vlandis* itself recognizes that a state has an interest in setting tuition rates and while residency must first be established in order to obtain the benefits of a lower rate, it is not a penalty in the sense as was found in *Shapiro* or *Dunn*. Plaintiff has not been penalized for exercising his right to travel from Idaho, or California, or Arizona to the State of Tennessee in this case. Therefore, his claim under this rationale appears to be without merit.

In retrospect, this Court, had it been sitting as a member of the Committee on Fee Classification, or as the Chancellor or President of the University or as a member of the Board of Trustees, may well have voted to reclassify plaintiff, or it may well have voted otherwise after hearing all the proof. But that is not the point. The function of this Court in this case and in all cases like it, is to determine whether or not the administra-

tors acted reasonably or unreasonably, or capriciously and arbitrarily.

It is the opinion of the Court that the evidence presented here does not demonstrate that the administrators of the University of Tennessee acted arbitrarily or unreasonably. Accordingly, it is Ordered that plaintiff's case be, and same hereby is, dismissed.