**Cathy BAILEY, Plaintiff,**

**v.**

**James W. LOYD, etc., Defendant.**

**No. Civ-2-74-31.**

United States District Court, E. D. Tennessee.

Nov. 4, 1974.

Alfred W. Taylor, Milligan College, Tenn., for plaintiff.

W. Henry Haile, Asst. Atty. Gen., State of Tenn., Nashville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a civil action for damages and equitable relief for the deprivation by the defendant of the plaintiff's rights to due process and the equal protection of the law, Constitution, Fourteenth Amendment. 42 U.S.C. § 1983; 28 U.S.C. § 1343. The defendant moved for a summary judgment, Rule 56(b), Federal Rules of Civil Procedure, and supported such motion with his affidavit. Rule 56(e), Federal Rules of Civil Procedure. The plaintiff filed no opposing affidavit.

The plaintiff Mrs. Bailey claimed in her complaint that the defendant refused her in-state tuition rates at East Tennessee State University on her application for a reclassification to such status arbitrarily and capriciously, by advising her she will be presumed conclusively to be an out-of-state resident for such tuition purposes so long as she remains a full-time student at such institution. In the defendant's aforementioned affidavit, he set forth specific facts to be supplied on the trial herein. A fair reading thereof permits the reasonable inference that Mr. Loyd will testify that his actions regarding Mrs. Bailey's classification were not arbitrary or capricious but, rather, in accord with the established rules and regulations of state board of regents of Tennessee. As stated hereinbefore, Mrs. Bailey has not shown by affidavit that she has testimony or other evidence of specific facts to offer on the trial which creates a genuine issue for trial. " * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Rule 56(e), *supra*.

Also, included in the defendant's affidavit mentioned is the statement that the rules and regulations under which he was operating at the pertinent times are identical to those which this Court, Northern Division, considered in *Hooban v. Boling*, D.C.Tenn. (1973), 371 F.Supp. 1111, affirmed C.A. 6th (1974), 503 F.2d 648.* No irrebuttable presumption in contravention of the due process and equal protection clauses of the federal Constitution is created by those regulations. *Ibid.*, 371 F.Supp. at 1113[3]. Mrs. Bailey claims further that those rules and regulations are overbroad and vague, violative to the Constitution, Fourteenth Amendment. Although such a contention was not discussed specifically in the *Hooban* decision, the aforementioned judicial approval of those regulations indicates that same are neither overbroad or vague.

At this stage of the proceeding, Mrs. Bailey has failed to set forth specific facts showing that there is a genuine issue for trial. If the plaintiff has such facts to support such a showing, she must come forward with them forthworth or summary judgment, if appropriate, will be entered against her herein. Rule 56(e), Federal Rules of Civil Procedure.

Even so, in determining whether the defendant acted arbitrarily or capriciously in applying the regents' regulations to Mrs. Bailey's request for a reclassification as an in-state student, this Court will exercise care not to set itself up as an administrator for East Tennessee State University. This Court will only determine herein whether the constitutional rights of Mrs. Bailey have been violated. See *Hooban v. Boling*, *supra*, 371 F.Supp. at 1113–1114[3].

The plaintiff Mrs. Bailey is allowed 20 days herefrom in which to set forth specific facts showing that there is a genuine issue for trial herein.

---

* No. 74–1159, decided and filed October 2, 1974.